**In the Matter of George T. SMITH, and Shirley Ann Smith, Debtors.**

**Bankruptcy No. 880–00967–17.**

United States Bankruptcy Court, E. D. New York.

May 22, 1980.

Murov & Ades, Lindenhurst, N. Y., by Paul R. Ades, Lindenhurst, N. Y., for objecting creditor.

Donner, Fagelson, Hariton & Berka, P. C., Bay Shore, N. Y., by Frederick Fagelson, Bay Shore, N. Y., for debtors.

### DECISION & ORDER

BORIS RADOYEVICH, Bankruptcy Judge.

The debtors filed their petition, statement and plan pursuant to chapter 13 of the Bankruptcy Code on 28 February, 1980. The plan fixed the value of the debtor's automobile at $2,600.00 pursuant to section 506 and 1325 of the Bankruptcy Code. It also provided that GMAC, the holder of a security interest in the debtors' vehicle, should retain a lien in that amount and be paid $72.22 per month for 36 months, without interest, resulting in the repayment of approximately $2,600.00. Finally, the plan provided that GMAC would participate as an unsecured creditor with respect to the balance of its claim. On 7 April, 1980, the secured creditor filed a proof of claim alleging an unpaid balance of $2,385.95, and rejected the debtors' plan. A hearing to consider confirmation of the debtors' plan was held on 28 April, 1980, at which time the attorney for GMAC appeared and presented his client's objections to the debtors' plan. Counsel for the debtors presented an opposing argument, the value of the collateral was fixed at $2,600, and decision was reversed to consider whether the objecting creditor has a right to be paid interest on its claim under section 506(b) of the Code, 11 U.S.C. § 506(b), as well as the present value equivalent of its allowed secured claim.

### FINDINGS OF FACT

This Court finds that the value of the collateral as of the date of the confirmation hearing was $2,600. This is also deemed to be the value as of the effective date of the plan within the meaning of section 1325(a)(5)(B)(ii) of the Code, 11 U.S.C. § 1325(a)(5)(B)(ii). *See* 5 Collier on Bankruptcy ¶ 1325.01[2] at 1325–25 (15th ed. 1979). The amount of the creditor's claim is $2,385.95, which amount includes interest at an annual rate of 12.68%, effective until May 13, 1981. This is the balance owed according to the proof of claim form filed with this Court. Since the value of the collateral exceeds the balance due,[1] the "allowed amount of the secured claim" within

---

1. 11 U.S.C. § 506(a). This section applies in cases under chapter 13. 11 U.S.C. § 103(a).

the meaning of the statute, 11 U.S.C. § 1325(a)(5)(B)(ii), also is $2,385.95.[2]

## CONCLUSIONS OF LAW

Section 1325(a) of the Bankruptcy Code provides (in pertinent part):

The court shall confirm a [chapter 13] plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title; [and]

.  .  .  .  .

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of the claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder;

.  .  .

11 U.S.C. § 1325(a)(1), (5). Thus, chapter 13 provides that a debtor's plan may not be confirmed unless it deals with a secured claim other than a residence mortgage[3] in one of three ways: with creditor acceptance of the plan,[4] by the so-called "cram down";[5] or, by surrender of the collateral.[6] In the instant case, the plan would utilize the "cram down" method of dealing with a secured claim.

Under the language of the chapter 13 "cram down" provisions, the creditor must receive the present value equivalent of the

allowed amount of the secured claim. 11 U.S.C. § 1325(a)(5)(B)(ii). *See generally* 124 Cong.Rec. H 11, 107 (daily ed. Sept. 28, 1978); *id.* S 17,423 (daily ed. Oct. 6, 1978). The present value of such claim is the amount the creditor would realize if he had in his hands the principal amount which is due and owing as of the effective way which produces a return on his investment for a period equal to the extension proposed in the debtor's plan (the extension period is normally 36 months[7]). Congress contemplated that the courts would fix an appropriate discount rate, apply this rate to the allowed amount of the secured claim and determine the present value equivalent of the allowed secured claim. Of course, as both the House and Senate Reports have noted in a different context,[8] there is a presumption that the discount rate and the rate set forth in the contract are equivalent. This is so, for example, because GMAC would likely invest its money by financing the purchase of another automobile at the same annual interest rate. Therefore, absent evidence which would rebut a presumption that the discount rate and contract rate are equivalent, this Court holds that the two rates are the same.

In addition, if the value of the collateral exceeds the amount of the allowed secured claim, the secured creditor has the right to recover from this surplus reasonable interest on his claim, together with any reasonable fees, costs or charges provided for in the security agreement. 11 U.S.C. § 506(b).

Nevertheless, the plan in the instant case does not propose to give the secured creditor herein the present value equivalent of the allowed amount of the secured claim.

---

2. The creditor herein has not asserted a claim for an attorney's fee, although this would add to the total amount of the allowed claim under section 506(b) of the Code.

3. The Code does not permit a chapter 13 plan to modify the rights of holders of a mortgage on real property which is the debtor's principal residence. *See* 11 U.S.C. § 1322(b)(2).

4. 11 U.S.C. § 1325(a)(5)(A).

5. 11 U.S.C. § 1325(a)(5)(B).

6. 11 U.S.C. § 1325(a)(5)(C).

7. *See* 11 U.S.C. § 1322(c).

8. H.R.Rep.No.95–595, 95th Cong., 1st Sess., 352–53 (1977); S.Rep.No.989, 95th Cong., 1st Sess. 62–63 (1978), U.S.Code Cong. & Admin. News (1978), p. 5787 (discussing the Code's disallowance of interest on unsecured claims).

Accordingly, confirmation of the proposed plan should be and hereby is refused.

It is so ORDERED.