**In re Robert A. EVANS, Sr., Debtor.**

**Bankruptcy No. 81–01849G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

May 24, 1982.

Mitchell Miller, Philadelphia, Pa., for debtor, Robert A. Evans, Sr.

Laurence G. Miller, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for North East Federal Sav. and Loan Assn.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issues at bench are: (1) what rate of interest will give a secured creditor the present value of his secured claim under § 1325(a)(5)(B) of the Bankruptcy Code ("the Code") and (2) whether the secured creditor is entitled to such interest on that portion of his secured claim which represents interest, late charges, attorney's fees and the escrow deficit. We conclude that (1) the secured creditor is entitled only to the contract rate of interest on his secured claim and (2) the secured creditor is entitled to such interest on its entire secured claim.

The facts of the instant case are as follows: [1] On May 14, 1981, Robert A. Evans, Sr. ("the debtor") filed a petition for an adjustment of his debts under chapter 13 of the Code. Subsequently, North East Federal Savings and Loan Association ("North East") filed an objection to the confirmation of the debtor's plan. North East is the holder of a first mortgage on the debtor's property located at 500 E. Gorgas Lane, Philadelphia, Pennsylvania. The debtor had scheduled North East as the holder of a secured claim for mortgage arrearages in the amount of $2,300.00. In its objection to confirmation, however, North East asserted that the amount of arrearages was $2,874.05 and that it was entitled to interest on its claim. The parties have since agreed that the correct amount of mortgage arrearages due to North East is $2,352.67 but have been unable to agree on what interest rate on those arrearages is due to North East or on what portion of the arrearages that interest is due. The debtor asserts that North East is entitled to the interest rate specified in the mortgage agreement, if it is entitled to any interest at all, and that it is entitled to interest only on the principal balance of the debt not on the interest, attorney's fees, late charges or escrow deficit. North East contends that it is entitled to interest at the prevailing market rate and to interest on the entire balance of its claim for mortgage arrearages.

■ With respect to the issue of what interest rate is due to North East, § 1325(a)(5)(B) of the Code provides:

(5) with respect to each allowed secured claim provided for by the plan—

. . . . .

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

The courts agree that in order to provide the secured creditor with the value of his secured claim "as of the effective date of the plan", the debtor must pay interest on that claim. However, the courts disagree on what interest rate is required. Some courts have held that the secured creditor is entitled to only the contract rate of interest. *See, e.g., Memphis Bank & Trust Co. v. Walker*, 7 B.C.D. 1054 (W.D.Tenn.1981); *In re Rogers*, 6 B.R. 472, 6 B.C.D. 1214, 3 C.B.C.2d 12 (Bkrtcy.S.D.Iowa 1980). Other courts have stated that the appropriate interest rate to be applied is the market rate that the secured creditor would be able to obtain for a similar loan transaction, although often that was the same as the contract rate. *See, e.g., In re Benford*, 14 B.R. 157, 8 B.C.D. 117, 5 C.B.C.2d 79 (Bkrtcy.W.D.Ky.1981); *In re Cooper*, 11 B.R. 391, 7 B.C.D. 854 (Bkrtcy.N.D.Ga. 1981); *In re Cooper*, 7 B.R. 537, 7 B.C.D. 24 (Bkrtcy.N.D.Ga.1980); *In re Smith*, 4 B.R. 12, 6 B.C.D. 424, 2 C.B.C.2d 77 (Bkrtcy.E.D. N.Y.1980). Some courts have held that the secured creditor is entitled to no more than the legal rate of interest. *See, e.g., In re Marx*, 11 B.R. 819, 7 B.C.D. 1066 (Bkrtcy.S. D.Ohio 1981); *In re Crockett*, 3 B.R. 365, 6 B.C.D. 226 (Bkrtcy.N.D.Ill.1980). Others have looked to equitable considerations to

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of

the Rules of Bankruptcy Procedure.

determine what interest rate is appropriate. *See, e.g., In re Caudle*, 13 B.R. 29, 7 B.C.D. 1301 (Bkrtcy.W.D.Tenn.1981); *In re Minguey*, 10 B.R. 806, 7 B.C.D. 691 (Bkrtcy.W. D.Wis.1981); *In re Johnson*, 8 B.R. 503 (Bkrtcy.S.D.Tex.1981); *In re McLeod*, 5 B.R. 520, 2 C.B.C.2d 319 (Bkrtcy.N.D.Ga. 1980); *In re Lum*, 1 B.R. 186, 5 B.C.D. 1039 (Bkrtcy.E.D.Tenn.1979). Still other courts have taken an average of two or more of the above interest rates in order to arrive at a fair interest rate. *See, e.g., In re Klein*, 10 B.R. 657, 7 B.C.D. 668, 4 C.B.C.2d 412 (Bkrtcy.E.D.N.Y.1981); *In re Hyden*, 10 B.R. 21, 6 B.C.D. 1392, 3 C.B.C.2d 751 (Bkrtcy.S.D.Ohio 1980).

We conclude that the rate of interest provided in the parties' contract is the proper rate to be applied under § 1325(a)(5)(B). This is so because the contract rate is the rate which the parties agreed was a fair return to the creditor for the debtors' repayment of the loan over an extended period of time. In the instant case, the contract rate given in the mortgage between North East and the debtor is 6% per annum.[2] Consequently, we conclude that North East is entitled to that 6% per annum on its secured claim in order to give it the present value of that claim pursuant to § 1325(a)(5)(B).

The second issue raised by North East and the debtor is on what portion of the $2,352.67 claim of North East for mortgage arrearages is the above interest rate to be applied. The debtor asserts that North East is not entitled to interest on that portion of its secured claim which represents interest, late charges, attorney's fees and an escrow deficit. We disagree.

Section 1325(a)(5)(B) provides that the secured creditor is entitled to the present value of its entire allowed secured claim. Section 506(b) of the Code provides that an oversecured creditor (i.e., one whose claim is less than the value of the collateral securing it) is entitled to "interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose" as part of that creditor's allowed secured claim. Since there is no assertion that the interest or other charges which are included in North East's $2,352.67 claim are unreasonable or not permissible pursuant to the mortgage agreement,[3] we conclude that they are allowable as part of North East's allowed secured claim and that consequently, North East is entitled to the present value of its entire allowed secured claim.

In addition to the $2,352.67 claim which the debtor agrees is due on account of pre-petition mortgage arrearages, however, North East asserts that it is entitled to an additional $840.00 in attorney's fees incurred in objecting to the debtor's confirmation and in pressing its claim for interest on its allowed secured claim.[4] The debtor objects to the allowance of those attorney's fees because, he asserts, those services were unnecessary. We disagree. Although we have ultimately decided that the North East was incorrect in its assertion that it was entitled to interest at the prevailing market rate, we do not find that North East's assertion of that position was frivolous or in bad faith. In fact, as we have stated above, there is authority to support North East's contention. Furthermore, we have concluded that North East is correct in its assertion that it is entitled to interest on

---

2. *See* Exhibit A attached to North East's objection to confirmation, last paragraph of page 1.

3. *See* Exhibit A attached to North East's Objection to Confirmation. Although the debtor did assert at the hearing that Pennsylvania 'law precluded North East from obtaining interest on its interest charges, we conclude that it is not prohibited in this case. Under Pennsylvania law, a creditor is not entitled to the compounding of interest on a debt unless there is an express statutory authorization or a specific contract provision so providing. *Acker v. Pro-*

*vident Nat'l Bank*, 512 F.2d 729, 739 (3d Cir. 1975). *See also, Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083 (3d Cir. 1975). In the instant case there is both an express statutory authorization (in §§ 506(b) and 1325(a)(5)(B) of the Code) and a specific contract provision (the last paragraph of page 1 of the mortgage agreement) which permit the compounding of interest in this instance.

4. *See* Amended Affidavit of Costs filed October 20, 1981, by counsel for North East.

its entire allowed secured claim rather than only on the principal balance of it's debt. Finally, the mortgage agreement provides that North East is entitled to the attorney's fees and costs of collection of its debt.[5]

In light of our foregoing decision above, we will deny confirmation of the debtor's plan with leave to the debtor to amend his plan to comply with our opinion.

---

**5.** *See* Exhibit A attached to North East's Objection to Confirmation, last paragraph of page 2.