**In the Matter of Douglas (NMI) COLLINS, Debtor.**

**Douglas (NMI) COLLINS, Plaintiff,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, A New York Corporation, Defendant.**

**Bankruptcy No. 81–01292.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Sept. 30, 1982.

Douglas M. Philpott, Brownell, Andrews, Philpott & Piper, Flint, Mich., for defendant.

T. Boice Purdy, P.C., Flint, Mich., for debtor/plaintiff.

## MEMORANDUM OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

Introduction.

Plaintiff, debtor in this contested matter, has objected to a claim filed by defendant, General Motors Acceptance Corporation (G.M.A.C.), based upon a secured automobile loan made by G.M.A.C. to the debtor. The court has set the value of the collateral at $4,500 for purposes of secured treatment under the Chapter 13 plan.

There are two issues requiring resolution. First, the court must determine the allowa-ble amount of G.M.A.C.'s claim, and then divide such amount into secured and unse-cured portions. The court must then decide whether or not G.M.A.C. is entitled to inter-est on the allowed amount of its secured claim, and if so, at what rate of interest?

Findings of Fact.

1. The debtor filed his Chapter 13 peti-tion on December 4, 1981.

2. G.M.A.C. filed a claim in the present matter in the amount of $5,886.72.

3. The value of G.M.A.C.'s collateral, a 1979 Chevrolet, was determined by the court to be $4,500.00 at a hearing on valua-tion which took place February 16, 1982.

4. The debtor subsequently filed an ob-jection to the G.M.A.C. claim on March 18, 1982, which objection constitutes the sub-ject matter of this decision.

5. The court hereby adopts the follow-ing portions of debtor's statement of facts in its Memorandum of Law in Support of Objection to Claim:

That attached to the claim of General Motors Acceptance Corporation was a copy of the purchase agreement and Sec-retary of State transaction report which revealed the following relevant facts:

| | | |
|---|---|---|
| a. | Date of Purchase | 6–9–81 |
| b. | Automobile | 1979 Chevrolet Impala |
| c. | Financed Balance | $5,019.20 |
| d. | Finance Charge | $1,603.36 |
| e. | Total Payments | $6,622.56 |
| f. | 36 monthly payments of | $183.96 |

from the foregoing the following mathe-matics can be submitted:

$6,622.56 ÷ 36 months = $183.96 monthly payment

$5,019.20 ÷ 36 months = $139.42 to principal payment

$1,603.36 ÷ 36 months = $44.5378 to in-terest payment

No where in the purchase agreement is there provision for interest to be paid on an unpaid balance.

That from the foregoing facts the fol-lowing additional facts can be inferred or deduced:

|  | Date | Payment | Balance | Earned Interest |
|---|---|---|---|---|
| Date of Contract | 6–9–81 |  | 6622.56 | zero |
| First Payment Due | 7–9–81 | 183.96 | 6438.60 | 44.54 |
|  | 8–9–81 | 183.96 | 6254.64 | 89.08 |
|  | 9–9–81 | 183.96 | 6070.68 | 133.68 |
| (Amount of Claim) | 10–9–81 | 183.96 | 5886.72 | 178.16 |
|  | 11–9–81 |  |  | 222.70 |
| (Debtor's Petition Filed) | 12–4–81 |  |  |  |
|  | 12–9–81 |  |  | 267.24 |

---

## Discussion of Law.

### I

The first issue to be resolved is the allowable amount of G.M.A.C.'s claim, divided into secured and unsecured claims.

### A

11 U.S.C. § 502(b)(2) provides that interest ceases to accrue on claims as of the date the petition is filed. The legislative history on this provision leaves no question as to the intent of Congress:

> Paragraph (2) requires disallowance to the extent that the claim is for unmatured interest as of the date of the petition. Whether interest is matured or unmatured on the date of bankruptcy is to be determined without reference to any ipso facto or bankruptcy clause in the agreement creating the claim. Interest disallowed under this paragraph includes post petition interest that is not yet due and payable, and any portion of prepaid interest that represents an original discounting of the claim, yet that would not have been earned on the date of bankruptcy.[1]

1. The total contract price, including interest was $6,622.56; which can be broken down into $5,019.20 in principal, and $1,603.36 in total interest over the 36 month life of the contract.

2. The uniform monthly payment of $183.96 can be broken down into the following components: $139.42 payment to principal and $44.5378 payment on interest.

3. Based upon the fact that six monthly payments fell due during the prepetition life of the contract, $267.24 can be considered as allowable prepetition interest (6 × $44,5378).

4. Thus, total interest less prepetition interest equals postpetition interest disallowed by virtue of 11 U.S.C. § 502(b)(2).

$1,603.36    total interest
( 267.24)    less: pre-petition interest
$1,336.12    post-petition interest

5. G.M.A.C. filed its claim in the amount of $5,886.72. However, pursuant to 11 U.S.C. § 502(b)(2), $1,336.12 must be disallowed as representing unaccrued interest, leaving an allowable claim of $4,550.60

$5,886.72    Claim filed.
− 1,336.12    § 502(b)(2) interest
$4,550.60    Total allowable claim

### B

11 U.S.C. § 506(a) sets forth the requirement for secured status:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim *to the extent of the value of such creditor's interest in the estate's interest in such property,* or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be deter-

---

1. H.Rep.No. 595, 95th Cong., 1st Sess. 352–353 (1977), S.Rep.No. 989, 95th Cong., 2d Sess. 62 -63 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

mined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. (Emphasis added).

■ By virtue of 11 U.S.C. § 506(a) then, G.M.A.C. would have a secured claim up to the value placed on its collateral by the court, and an unsecured claim for allowable amounts in excess of the value of the collateral. Thus:

$4,550.60 Allowable Claim: § 502(b)(2)

($4,500.00) Less: Court determined value of Collateral _____ or Secured portion of claim

$ 50.60 Unsecured portion of claim

## II

The second and last issue is whether or not G.M.A.C. is entitled to interest on the allowed amount of its secured claim, and if so, what is the proper rate?

### A

■ It is uniformly agreed by the courts that 11 U.S.C. § 1325(a)(5)(B) requires the debtor to pay interest on allowed secured claims in order to provide the secured creditor with the value of his secured claim "as of the effective date of the plan." 11 U.S.C. § 1325(a)(5)(B) provides:

(a) The court shall confirm a plan if—

\* \* \* \* \* \*

(5) with respect to each allowed secured claim provided for by·the plan—

.    .    .    .    .

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

### B

The courts adopt a wide range of viewpoints on what rate of interest is required under 11 U.S.C. § 1325(a)(5)(B)(ii). For the most recent and comprehensive compilation of the various opinions, *See In re Evans,* 9 B.C.D. 198, 20 B.R. 175 (Bkrtcy.E.D.Pa. 1982).

We conclude, along with Judge Goldhaber in *Evans, id,* that the rate of interest provided in the parties' contract is the proper rate to be applied under 11 U.S.C. § 1325(a)(5)(B)(ii). This court feels that the contract rate is preferable to any other outside interest rates, indicators, or combinations thereof, for the simple reason that this was the rate bargained for and agreed to by the parties as representing a fair return to the creditor for the debtor's use of his money over time. *In re Evans, id.,* 9 B.C.D. at 199, 20 B.R. 175.

IT IS THEREFORE ORDERED that G.M.A.C. shall have an allowed secured claim of $4,500.00, and an allowed unsecured claim of $50.60.

IT IS FURTHER ORDERED that G.M.A.C. shall be entitled to receive interest on the balance outstanding on its secured claim at the rate of interest provided for in the original loan agreement between the parties.

THE CLAIMS AND PROPOSED CHAPTER 13 PLAN SHALL BE AMENDED ACCORDINGLY.

An Order shall issue in conformance with this opinion.