**In re Vernon J. EINSPAHR, Debtor.**

**Bankruptcy No. 82–03928G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 6, 1983.

Arthur P. Liebersohn, Philadelphia, Pa., for debtor, Vernon J. Einspahr.

Lawrence T. Phelan, Frank Federman, Philadelphia, Pa., for secured creditor, Fidelity Consumer Discount Co.

James J. O'Connell, Philadelphia, Pa., Standing Chapter 13 Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The narrow question before us arises out of objections to confirmation of the debtor's proposed chapter 13 plan. Fidelity Consumer Discount Company ("Fidelity"), a secured creditor by virtue of a mortgage on the debtor's home, seeks interest on its claim.[1] The debtor's plan fails to provide for such interest. The debtor's myopic research failed to reveal a similar case in this jurisdiction,[2] a painful oversight, since the controlling case in this district is *In re Evans,* 20 B.R. 175 (Bkrtcy.E.D.Pa.1982), written by us.

In *Evans,* we held that:

The courts agree that, in order to provide the secured creditor with the value of his secured claim 'as of the effective date of the plan', the debtor must pay interest on that claim.

The only disagreement, among the many cases which have ruled on this issue, is the interest *rate.* Some courts have held that the secured creditor is entitled only to the rate of interest set forth in the contract. *Memphis Bank & Trust Co. v. Walker,* 7 B.C.D. 1054 (Bkrtcy.W.D.Tenn.1981); *In re Rogers,* 6 B.R. 472, 6 B.C.D. 1214, 3 C.B.C.2d 12 (Bkrtcy.S.D.Iowa 1980). Other courts have held that the appropriate interest rate is the market rate that the secured creditor would be able to obtain for a similar loan. *In re Benford,* 14 B.R. 157, 8 B.C.D. 117, 5 C.B.C.2d 79 (Bkrtcy.W.D.Ky.1981); *In re Cooper,* 7 B.R. 537, 7 B.C.D. 24 (Bkrtcy.N.D. Ga.1980); *In re Smith,* 4 B.R. 12, 6 B.C.D. 424, 2 C.B.C.2d 77 (Bkrtcy.E.D.N.Y.1980). Some courts have held that the secured creditor is entitled to no more than the legal rate of interest. *In re Marx,* 11 B.R. 819, 7 B.C.D. 1066 (Bkrtcy.S.D.Ohio 1981).

We held in *Evans,* and we here reaffirm, that the rate of interest provided in the debtor's written obligation (in the instant case 22.74%) is the proper rate to be applied under § 1325(a)(5). This we find to be fair because that rate (permissible under Pennsylvania law) is the rate which the parties agreed was a fair return to the secured creditor over an extended period of time. The creditor is entitled to interest on the entire allowed secured claim, not only on the principal balance of its debt ($3357.93). To spell it out: the secured creditor is entitled to interest on the balance of principal, on the late charges and on the attorney's fees.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Debtor's Memorandum of Law at p. 1.

Fidelity's objections to the debtor's plan will therefore be sustained.