**In re James Arthur HANSEN, Marilyn Kay Hansen, Debtors.**

**Bankruptcy No. 83–20795.**

United States Bankruptcy Court, D. Kansas.

May 8, 1984.

John R. Stonitsch, P.C., Thomas M. Mullinix, Kansas City, Kan., for debtors.

Joseph H. McDowell, Kansas City, Kan., trustee.

## MEMORANDUM OPINION AND ORDER ON REASONABLENESS OF ATTORNEY FEES

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter first came on for hearing before the Court on November 18, 1983, pursuant to an Application for additional attorney fees. John R. Stonitsch, of Kansas City, Missouri, represented the debtors; and Thomas M. Mullinix was local counsel.

The facts are not in dispute. On September 13, 1983, an original petition was filed under Chapter 13 of Title 11, United States Code; and the debtors filed an application to pay filing fee in installments which was approved by the Court in Order dated the same date.

The Court also granted a 15-day extension for the purpose of the debtors filing their Schedules and Statement of Affairs.

On September 30, 1983, the debtors filed an amended petition under Chapter 13, of Title 11, U.S.C., which included a Statement of Financial Affairs for Debtor Engaged in Business under the name of Jim Hansen Sales, d/b/a J. Han, Inc.

The disclosure statement was filed with amended petition showing that the attorney had been paid or agreed to be paid

$1,968.00 from the debtors' savings account.

On October 18, 1983, John R. Stonitsch, attorney for debtors, filed an Application for allowance of attorneys fee confirming that he had been paid a total of $1,968.00 and wherein he was requesting $1,500.00 over and above the $450.00 which this Court allows for routine filings under Chapter 13.

Mr. Stonitsch alleges in his motion that as of October 18, 1983, he had accumulated 16.3 hours of time in preparation and developing of this case; that between October 22, 1983, and January 5, 1984, he accumulated 11 hours for a total of 27.3 hours. He further alleges that due to the complexity of the case, tax problems, contact with I.R.S., release of garnishments and the fact that it was a business Chapter 13, that he is entitled to an additional $1,500.00 and his hourly rate of pay is $70.00.

The Court thereafter took this matter under advisement and on January 16, 1984, found that a reasonable fee was a total of $1,000.00, and pursuant to an application for reconsideration for allowance of balance requested, writes this opinion.

## ISSUE INVOLVED

WHAT IS A REASONABLE ATTORNEY FEE IN THIS CASE?

## CONCLUSIONS OF LAW

11 U.S.C. § 330 states in pertinent part as follows:

*"(a) After notice to any parties in interest and to the United States trustee and a hearing, ... the court may award ... to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—*

*(1) reasonable compensation for actual, necessary services rendered by such ... professional person, or attorney, as the case may be, ... based on the time, the nature, the extent, and the value of such services, and the cost of comparable services*

*other than in a case under this title; and*

*(2) reimbursement for actual, necessary expenses."*

In *Battle v. Anderson*, 614 F.2d 251, 257 (10th Cir.1980), the following elements for determining the reasonableness of fees was adopted from a Fifth Circuit case and set out as follows:

1. The time and labor required;
2. The novelty and difficulty of the questions;
3. The skill requisite to perform the legal services properly;
4. The preclusion of other employment by the attorney due to acceptance of the case;
5. The customary fee in the locality for similar legal services;
6. Whether the fee is fixed or contingent;
7. Time limitation imposed by the client or circumstances;
8. The amount involved and results obtained;
9. The experience, reputation and ability of attorney;
10. The undesirability of the case.

*Matter of Permian Anchor Services, Inc.*, 649 F.2d 763 (10th Cir.1981); *Salone v. U.S.*, 645 F.2d 875 (10th Cir.1981); *In re Brooks*, 24 B.R. 447, 451, Bkcy.Ct.Kan. (1982).

In the *Matter of David J. Olen*, 15 B.R. 750, 753, Bkcy.Ct.E.D.Mich. (1981), it is stated:

*"... cases have consistently held that the compensation paid by a debtor who contemplates filing a petition in bankruptcy covers payment only for services required to be rendered up to the filing of the petition in bankruptcy and for attending the section 341 meeting of creditors.* In re Knickerbocker Leather & Novelty Co., Inc., *158 F.Supp. 236 (S.D.N.Y.1958),* aff'd sub nom. Haar v. Oseland, *265 F.2d 218, (2nd Cir.1959);* In re Buchanan, supra; In re Falk, *30 F.2d 607 (2nd Cir.1929). Any other approach would, in effect, be a signal to*

*attorneys that they could charge whatever the traffic would bear with impunity. Limiting prepetition payment to services rendered or to be rendered in connection with the filing of the petition and attendance of the first meeting of creditors removes the temptation by an attorney to load his time sheets with time devoted to the resolution of post-petition problems that might conceivably arise but never materialize."*

Allowable compensation in this district for Chapter 13 petitions generally range between $450.00 and $600.00, keeping in mind that the compensation for whatever services are performed by an attorney is to be determined on a case by case basis.

In this case the attorney has listed telephone calls which in no way reveals the nature or substance of the calls.

Further examination of the time itemization listed by the attorney herein reveals that many of the services appear to be routine and ministerial coupled with the fact that counsel has failed to provide sufficient "details to enable the Court to determine the nature and value of the research" for said Court to determine whether or not it is compensable. *In re Best Pack Seafood, Inc.,* 21 B.R. 852, 854 (Bkrtcy.Ct., Maine 1982); *In Matter of Dee's Resort Wear, Inc.,* 25 B.R. 591 (Bkrtcy.Ct.M.D.Fla. 1982).

In *Matter of David J. Olen,* 15 B.R. 750, 753, the Court also stated:

*". . . In determining the reasonableness of compensation, the court must not only determine what services were performed, but that the services were <u>necessary. § 330.</u>"* (emphasis added)

In the instant case counsel sets out in his itemized statement in a number of instances, that he had a conference but fails to state who with.

Further examination of the schedules herein revealed that the attorney accepted attorney fees in violation of Bankruptcy Rule 1006(b)(3) which states as follows:

*"The filing fee must be paid in full before the debtor may pay an attorney for services in connection with the case."*

The attorney herein had his client sign the statement requesting leave to pay filing fees in installments and accepted $1,968.00 as his fee which was taken from the debtors' savings account.

The Court, after having considered the complete record herein and the argument of counsel, finds that the $1,968.00 fee is excessive and that the $1,000.00 allowed is reasonable in this case.

IT IS THEREFORE, BY THE COURT, ORDERED, ADJUDGED AND DECREED That the $1,000.00 fee allowed on January 16, 1984, is reasonable.

IT IS FURTHER, BY THE COURT, ORDERED That the attorney for the debtors, John R. Stonitsch, be and he hereby is directed to remit the excess amount, to-wit: $968.00, to the trustee within fifteen (15) days of the entry of this Order.