In re Albert H. **NESMITH**, Debtor.

Bankruptcy No. 85–01781G.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 7, 1986.

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Irv Ackelsberg, Community Legal Services, Inc., Philadelphia, Pa., for debtor, Albert H. Nesmith.

Leslie J. Carson, Jr., Philadelphia, Pa., for mortgagee, Jersey Mortg. Co.

James J. O'Connell, Philadelphia, Pa., standing trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for resolution in the case before us is whether under a chapter 13 plan a debtor must pay interest on arrearages arising from a secured debt, even though the debt is secured by a home mortgage. For the reasons outlined herein, we hold that the interest must be paid.

The facts of this controversy are as follows:[1] Several years ago the debtor granted a mortgage on his residential realty to Jersey Mortgage Company ("Jersey"). The debtor fell in default under the mortgage and thereafter filed a petition for the repayment of his debts under chapter 13 of the Bankruptcy Code ("the Code"). Jersey filed a proof of claim to which the debtor objected. Since the filing of the objection the parties have stipulated that the debtor owes Jersey $4,039.67 for arrearages, attorneys' fees and related charges. The dispute on Jersey's proof of claim is whether the debtor must pay $1,037.67 in interest on the arrearages which have accrued under the mortgage.

Jersey's argument for the payment of interest on the arrearages is predicated on 11 U.S.C. § 1325(a)(5):

§ 1325. Confirmation of Plan

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan—

Rule 7052.

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(i) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder;

\* \* \* \* \* \*

11 U.S.C. § 1325(a). The debtor counters with a reference to 11 U.S.C. § 1322(b):

§ 1322. Contents of plan

(b) Subject to subsections (a) and (c) of this section, the plan may—

\* \* \* \* \* \*

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

\* \* \* \* \* \*

11 U.S.C. § 1322(b). Since Jersey's claim is secured only by a mortgage on the debtor's home, the debtor asserts that § 1322(b)(2) bars the modification of Jersey's rights, including the right to interest on the arrearages.

We hold that interest must be paid on the arrearages as mandated by § 1325(a)(5). *Cardinal Federal Savings & Loan Assoc. v. Colegrove* (In Re Colegrove), 771 F.2d 119 (6th Cir.1985). We correlatively conclude that the debtor's reliance on § 1322(b)(2) is misplaced. That provision was placed in the Code to aid home mortgage lenders by insulating them from the debtor's power to alter the rights of secured creditors. This power to alter rights of secured lenders envisioned by Congress was, for instance, a conversion of a ten year loan into a twenty year loan with a commensurate reduction in periodic pay-

ments on the debt. The provision was not designed to single out home mortgage lenders as the sole class of secured lenders who could not receive interest on arrearages arising under a secured debt. Our conclusion is supported by the United States Court of Appeals for the Sixth Circuit in *Colegrove*, 771 F.2d 119, while the debtor's contra position is bolstered by the Eleventh Circuit in *Foster Mortgage Corp. v. Terry* (In Re Terry), 764 F.2d 1558 (6th Cir.1985).

Our decision also draws succor from that line of cases which hold that the size of a secured lender's debt, including the debt owed to home mortgage lender, includes interest on arrearages, for purposes of deciding motion on relief from the automatic stay. *Grundy National Bank v. Tandem Mining Corp.*, 754 F.2d 1436 (4th Cir.1985); *In Re American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir.1984). Today's decision is likewise in accord with prior decisions from this court and with numerous decisions from our brethren on the bankruptcy bench. *See, e.g. In Re Evans*, 20 B.R. 175 (Bankr.E.D.Pa.1982); *In Re Einspahr*, 30 B.R. 356 (Bankr.E.D.Pa.1983); *In Re Frey*, 34 B.R. 607 (Bankr.M.D.Pa.1983).

We will accordingly enter an order overruling the debtor's objection to Jersey's proof of claim and fix the value of the claim at $5,347.34.