**In re Lynne A. McCALL, Debtor.**

**Bankruptcy No. 85–00674G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 7, 1986.

Mitchell W. Miller, Miller & Miller, Philadelphia, Pa., for debtor, Lynne A. McCall.

Leslie J. Carson, Jr., Philadelphia, Pa., for mortgagee, Fleet Real Estate Funding Corp.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The legal point we are asked to decide in this case is whether under a chapter 13 plan a debtor must pay "interest" on arrearages arising from a secured debt to the extent that those arrearages are attributable to interest on the principal debt when the loan agreement does not provide for such interest. The issue arises on the debtor's objection to a proof of claim. Under the reasoning expressed below, we hold that interest must be paid.

The facts of this case are as follows:[1] The debtor granted a mortgage on her home to Fleet Real Estate Funding Corporation ("Fleet") several years ago. The debtor defaulted on the mortgage and arrearages have accrued. Since a major portion of any payment on a typical home mortgage consists of components for principal and interest, a significant portion of the arrearages consists of interest on the principal debt.

The debtor filed a petition for the repayment of her debts under chapter 13 of the Bankruptcy Code ("the Code"). Fleet has filed a proof of claim demanding payment for interest on the arrearages under the mortgage. The debtor objected to the proof of claim on the basis that the loan contract provides for interest on the principal indebtedness but not interest on past due interest.

The issue presented here is similar but not identical to our companion case of *In Re Nesmith,* 57 B.R. 348, (Bankr.E.D.Pa. 1986). Therein we affirmed our previous decisions holding that under a chapter 13 plan a debtor must pay interest on arrearages arising under a secured debt, even though that debt is secured by a home mortgage. The debtor posits a dichotomy between the principal and interest arising under a secured debt, and asserts that *Nesmith* is not controlling as to whether, under a chapter 13 plan, a debtor must pay

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

interest on the interest component of arrearages arising under a secured debt.

■ Although not often enunciated, we commence our discussion with one of the cardinal principles of bankruptcy: A creditor's state-created rights flow through bankruptcy unaffected unless the Code augments, diminishes or extinguishes those rights or unless the Code creates new rights for the creditor. *Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). The Code's dramatic alteration of certain state created rights tends to obscure the prominence of this rule, although these changes illuminate rather than vitiate the principle. Thus, while a prepetition contract between a debtor and a creditor provides the creditor with certain rights, the Code may give the creditor new rights while restricting the exercise of prepetition rights after the filing of the bankruptcy.

■ The above expressed principle operates, of course, in chapter 13 cases. Rather than intending a chapter 7 liquidation of a debtor's property and a distribution of the proceeds to creditors, chapter 13 authorizes a debtor to propose a plan for repaying his creditors from present and future income while generally retaining possession of his property. Under a chapter 13 plan a debtor may repay his creditors for a period extending as long as three or five years.[2] In exchange for this delay, creditors holding secured claims are afforded certain protections. For instance, the court may confirm the plan only if, *inter alia:*

 (5) with respect to each allowed secured claim provided for by the plan—

  (A) the holder of such claim has accepted the plan;

  (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

  (ii) the value, as of the effective date of the plan, of property to be

distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

  (C) the debtor surrenders the property securing such claim to such holder;

11 U.S.C. § 1325(a)(5). If a secured creditor does not accept the plan and the debtor does not surrender the property securing the debt, the value, as of the effective date of the plan, of property to be distributed under the plan on account of the claim of the secured creditor is not to be less than the allowed amount of such claim. Hence, the secured creditor's portion of the stream of proposed payment under the plan must equal in value the creditor's secured claim. Section 1325(a)(5) merely codified the principle that a sum certain to be received in the future is worth less than that same sum received today. The secured creditor's stream of future payment must be augmented under § 1325(a)(5)(B) to reflect this discrepancy. This augmentation *is not* the payment of interest. Since under 11 U.S.C. § 506(b) a secured claim may consist of interest, attorneys' fees, costs and charges, as well as principal, (if a loan agreement so provides), augmentation of the *entire* secured claim must be effected under § 1325(a)(5)(B). The interest is a part of the secured claim and as such the secured claim, including the interest component, must be augmented under § 1325(a)(5)(B). As applied to the case before us, the fact that a significant portion of the arrearages consist of interest is of no moment. Also irrelevant is the fact that the loan agreement does not provide for interest on the interest, since the Code has provided the secured lender with rights under § 1325(a)(5)(B), even in the absence of a correlative provision in the loan agreement. The debtor's defense that § 1325(a)(5)(B) is inapplicable to home mortgage lenders due to 11 U.S.C. § 1322(b)(2),[3] was rejected by

---

**2.**  (c) The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

11 U.S.C. § 1322(c).

**3.**  (b) Subject to subsections (a) and (c) of this section, the plan may—
  (1) * * *

us for the reasons expressed in *In Re Nesmith,* 57 B.R. 349, (Bankr.E.D.Pa.1986).

We will accordingly enter an order overruling the debtor's objection to Fleet's proof of claim.

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

\*　　\*　　\*　　\*　　\*　　\*

11 U.S.C. § 1322(b)(2).