**In re Harold W. BREISCH and Joan M. Breisch, individually and t/a Breisch's Sharpening and Mower Service, Debtors.**

**Bankruptcy No. 89–21054T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 13, 1990.

John A. Di Giamberardino, Huckabee & Weiler, Wyomissing, Pa., for debtors.

Clemson N. Page, Jr., Bingaman, Hess, Coblentz & Bell, Reading, Pa., for Signal Consumer Discount Co.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

A secured creditor, Signal Consumer Discount Company ("Signal") has filed an objection to confirmation of debtors' chapter 13 plan. Signal maintains that debtors' plan does not comply with 11 U.S.C. § 1325(a)(5)(B)(ii) because the plan does not require that interest be paid to Signal at the rate specified in the parties' contract. Rather, debtors' plan contemplates payment of interest to Signal at

eight (8%) percent. Debtors arrived at this figure by computing the average of various rates published in the May 17, 1990 edition of the Wall Street Journal.[1] As debtors' plan does not comply with the law in this district, which is that unless the parties can establish the exact amount of the creditor's cost of funds in its business borrowing, the proper rate of interest to be applied under 11 U.S.C. § 1325(a)(5)(B)(ii) is the rate of yield for Treasury bills due to mature on the date the debtors' plan terminates plus one percent,[2] *In re Mitchell,* 77 B.R. 524, 529 (Bankr.E.D.Pa.1987);[3] *Collier on Bankruptcy,* 15th Ed., ¶ 1325.06 at 1325–40—1325–42, we sustain Signal's objection to confirmation.

An appropriate order follows.

## ORDER

AND NOW, this 13th day of September, 1990, it is ORDERED that the objection filed by Signal Consumer Discount Company to confirmation of debtors' chapter 13 plan is SUSTAINED.

---

1. The rates published in the May 17, 1990 edition of the Wall Street Journal, appended to the parties' Stipulation of Facts as Exhibit F, did not include the rate of yield for Treasury bills due to mature on the date debtors' plan terminates.

2. We decline to apply the rate of interest specified in the parties' contract because the cases which adopted this approach, *see, In re Einspahr,* 30 B.R. 356 (Bankr.E.D.Pa.1983); *In re Evans,* 20 B.R. 175, 177 (Bankr.E.D.Pa.1982), were decided prior to the Bankruptcy Amendments and Federal Judgeship Act of 1984 and therefore, did not consider the fact that during the legislative process leading to the enactment of the 1984 Amendments, Congress specifically considered an amendment requiring the contract rate of interest to be paid and rejected it. *Collier on Bankruptcy,* 15th Ed., ¶ 1325.06 at 1325–40—1325–41.

3. As the issue is not before us today, we express no opinion regarding the proper rate of interest to be applied in the chapter 11 context under 11 U.S.C. § 1129(b)(2)(A)(i)(II), however, we note that Collier appears to advocate that different approaches be applied in the chapter 11 and chapter 13 contexts. *Collier on Bankruptcy,* 15th Ed., ¶ 1129.03 at 1129–83, ¶ 1325.06 at 1325–40—1325–42.