In re PENN YORK MANUFACTURING, INC., Debtor.

COMMERCIAL TRADING COMPANY, INC., Plaintiff,

v.

PENN YORK MANUFACTURING, INC., Defendant.

Bankruptcy No. 5–80–00242.
Adv. Nos. 5–80–00053, 5–80–00054.

United States Bankruptcy Court,
M. D. Pennsylvania.

June 15, 1981.

Daniel Barrett, Athens, Pa., for plaintiff.
John Kocsis, Athens, Pa., for defendant.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on petition of the plaintiff Commercial Trading Company, Inc. for relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code. [11 U.S.C. § 362(a)]. The plaintiff seeks to obtain possession of the debtor's equipment and machinery and to collect on accounts receivable, all of which were given as security for a $250,000.00 loan.

The plaintiff also filed a petition for conversion or dismissal under § 1112 of the Code. [11 U.S.C. § 1112].

At the hearing on both petitions for relief from the automatic stay on September 30, 1980, it was stipulated on the record that the only issue to be tried by the Court is that of adequate protection. (N.T. 5) Furthermore, since the petition for conversion or dismissal raises essentially the same issue, it also will be considered herein.

Upon review of the record, including admissions of the debtor and the testimony elicited at the hearing, the Court makes the following findings of fact:

1. Albert P. Richards is the President and sole shareholder of the debtor.

2. The debtor borrowed $250,000.00 from the plaintiff on November 19, 1979, repayable in monthly installments, with interest on the unpaid balance of prime plus 8% per annum.

3. The above indebtedness is secured by a valid perfected lien and security interest in each and all of the debtor's pre-petition accounts receivable and in all of the debtor's machinery, equipment and other tangible personal property.

4. The debtor has made no payment on the obligation to date.

5. The debtor filed its petition pursuant to Chapter 11 of the Bankruptcy Code on May 8, 1980.

6. No plan of reorganization has been filed by the debtor.

7. A petition seeking to lift the automatic stay imposed by § 362 of the Code in order to permit the plaintiff to obtain possession of the debtor's equipment was filed on May 22, 1980.

8. A petition seeking to lift the automatic stay imposed by § 362 of the Code in order to permit the plaintiff to collect on accounts and to order the Trustee not to use, collect or sell the collateral was filed on May 22, 1980.

9. A petition for conversion or dismissal under § 1112 of the Code was filed by the plaintiff on January 13, 1981 and a pre-trial conference held on January 30, 1981.

10. By agreement of the parties, a hearing on both petitions for relief from the stay was held on September 26, 1980.

11. By agreement of the parties, the petition for conversion or dismissal will be determined by the Court based on the present record.

12. There is due and owing from the debtor to the plaintiff the principal amount of $250,000.00 plus interest from November 19, 1979, plus counsel fees, which sum totals in excess of $300,000.00.

13. The fair market value of the machinery and equipment which is subject to the lien and security interest of the plaintiff is $250,000.00.

Plaintiff's request for relief from the automatic stay is governed by § 362(d) of the Code, [11 U.S.C. 362(d)], which states:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

Plaintiff alleges both a lack of adequate protection of its interest in the property and that the defendant debtor does not have an equity in the property.

Although the term "adequate protection" is not precisely defined in the Code, § 361 does set forth three (3) nonexclusive examples of what may constitute adequate protection when required:

(1) "periodic cash payments" equivalent to a decrease in value;

(2) "an additional or replacement lien"; or

(3) "other relief" that provides the "indubitable equivalent."

The debtor concedes that it is unable to provide an additional or replacement lien. It contends though that it should be permitted to make periodic cash payments to the plaintiff of interest only on the outstanding principal indebtedness on a monthly basis until such time as a confirmation hearing on a reorganization plan can be held. This is based upon the opinion of the President and sole shareholder of the debtor that the equipment had a fair market value at the time the petition was filed of $346,684.00 as indicated in its schedules, (N.T. 59), and, according to its expert, a fair market value of $250,000.00 at the time of the hearing. (N.T. 71) The debtor further submitted through its expert that the machinery and equipment would not depreciate further. (N.T. 72)

The plaintiff submitted testimony by an auctioneer appraiser who also placed a fair market value on the machinery and equipment of $250,000.00. (N.T. 95, 98) He further stated that the value for a sale under distressed conditions was only $175,000.00. (N.T. 76, 77)

The burden of proof on the issue of the debtor's equity in the property is upon the plaintiff; the party opposing the relief has the burden of proof on all other issues. See § 362(g)(1) of the Code. [11 U.S.C. § 362(g)(1)]. An "equity cushion" in and of itself may constitute adequate protection within the meaning of § 362(d)(1). *In re Pitts*, 5 B.C.D. 1129, 2 B.R. 476 (Bkrtcy.1979); 2 *Collier on Bankruptcy*, § 361.02(3) at pp. 361–9 (15th Ed. 1979). Here it must be concluded that the present indebtedness on the equipment in question is substantially in excess of its current value. Debtor has no equity in it. Expert testimony by both parties placed the fair market value at $250,000.00. At a distressed sale, the value was substantially less. Mere payment of interest on the debt at this time is not sufficient to constitute "periodic cash payments equivalent to a decrease in value" since there is a considerable sum of back interest due which when added to the outstanding principal debt increases the total debt well beyond the debtor's valuation of the equipment. There is no indication of any other source of protection being offered for plaintiff's debt.

Additionally, a fair reading of the testimony does not suggest any realistic prospect for a successful rehabilitation or reorganization under Chapter 11. In determining whether property is necessary to an effective reorganization, the Court must make a finding that there is a reasonable possibility of a successful reorganization within a reasonable time. *In the Matter of Terra Mar Associates*, 3 B.R. 462, 6 B.C.D. 150 (Bkrtcy.D.Ct.1980).

Accordingly, we reach the following conclusions of law:

1. The plaintiff is entitled to relief from the automatic stay imposed pursuant to 11 U.S.C. § 362(a) by virtue of 11 U.S.C. § 362(d)(1) for cause, including lack of adequate protection of its interest in the subject property.

2. The plaintiff is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(a) by virtue of 11 U.S.C. § 362(d)(2) on the grounds that the

debtor has no equity in the subject property and that the subject property is not necessary to an effective reorganization since there is little or no likelihood of a reorganization of this debtor.

3. It is in the best interest of creditors and the estate to convert the case from Chapter 11 to Chapter 7 pursuant to 11 U.S.C. § 1112(b) due to the continuing diminution of the estate, the absence of a reasonable likelihood of rehabilitation and the inability to effectuate a plan.