**In re Larry N. LLEWELLYN, i/t/a Great Northern Press, Debtor.**

**FIRST EASTERN BANK, N.A., Plaintiff,**

v.

**Larry N. LLEWELLYN, i/t/a Great Northern Press, Defendant.**

**Bankruptcy No. 5–82–00684.**

**Adv. No. 5–82–0503.**

United States Bankruptcy Court, M.D. Pennsylvania.

Feb. 14, 1983.

Myles R. Wren, Scranton, Pa., for plaintiff First Eastern Bank.

Robert N. Opel, Wilkes-Barre, Pa., for debtor.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

In this opinion we address the debtor's application for the use of cash collateral as well as a creditor's request for either adequate protection in the use of the cash collateral or relief from the automatic stay. We deny without prejudice the debtor's request for the use of cash collateral. We find that the creditor is adequately protected and consequently, we deny relief from the stay.

## FINDINGS OF FACT

1. The debtor, Larry N. Llewellyn, filed for relief under Chapter 11 of the Bankruptcy Code on September 15, 1982, and subsequently filed an application for the use of cash collateral on September 20, 1982. A creditor, First Eastern Bank, N.A. (First Eastern), responded by requesting adequate protection against the debtor's use of the cash collateral and by filing for relief from the stay to repossess from the debtor certain machinery and equipment which is encumbered by the bank's security interest.

2. As of August 30, 1982, First Eastern was owed $109,956.04 in principal and $5,654.76 in interest for a total of $115,-610.80.

3. To secure payment of this obligation the debtor granted First Eastern a security interest in accounts receivable, inventory, work in progress, finished goods, and certain machinery and equipment. First Eastern also has a security interest in two parcels of the debtor's real property which are located in Wilkes-Barre and Harvey's Lake.

4. The fair market value of the machinery and equipment encumbered by First Eastern's security interest is $150,500.

5. The face value of the debtor's accounts receivable is in excess of $7,000.

6. The Wilkes-Barre property and the Harvey's Lake property of the debtor have $110,000 and $40,000, respectively, in equity available for the satisfaction of First Eastern's claim.

7. The value of the debtor's inventory and work in progress is $45,000.

## DISCUSSION

Immediately upon the filing of a petition for relief under the Bankruptcy Code a stay arises which bars debt collection efforts against the debtor and the property of his bankruptcy estate. 11 U.S.C. § 362(a). Relief can be afforded under § 362(d) which states as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

First Eastern requested relief from the stay under § 362(d)(1) contending that its secured position is inadequately protected since the value of the encumbered property is not sufficiently in excess of the indebtedness; it claims that the equity cushion is not sufficient.

The Bankruptcy Code does not define the term adequate protection although it does specify three nonexhaustive examples of it. *See,* 11 U.S.C. § 361. The case law indicates that a secured creditor is adequately protected if the value of the encumbered property is sufficiently in excess of the secured indebtedness. *See, e.g., City National Bank v. San Clemente Estates (In Re San Clemente Estates),* 5 B.R. 605, 610 (Bkrtcy.S.D.Cal.1980); *Commercial Trading Co., Inc. v. Penn York Manufacturing, Inc. (In Re Penn York Manufacturing, Inc.),* 14 B.R. 51, 53 (Bkrtcy.M.D.Pa.1981); *Lincoln Bank v. High Sky, Inc. (In Re High Sky, Inc.),* 15 B.R. 332, 335 (Bkrtcy.M.D.Pa. 1981).

In the case at bar the outstanding indebtedness is $115,610.80.[1] The value of the machinery and equipment securing this debt is $150,500 while the value of the inventory and work in progress is $45,000, for an aggregate value of $195,500. This value is substantially in excess of the indebtedness and provides an equity cushion which will adequately protect First East-

---

1. First Eastern asserts that this indebtedness should be augmented by a 10% attorney collection fee as provided in the loan contract. Although the contract clause may be completely binding under state law, such a clause does not create an allowable claim against a bankruptcy

ern's interest. Having reached this result we need not consider the equity in the real property or the value of the accounts receivable. For the above stated reasons, we will deny First Eastern's request for relief from stay.

 Lastly, we note that the debtor's application for the use of cash collateral lacks sufficient specificity. Consequently, we will deny the application without prejudice.

## CONCLUSIONS OF LAW

1. The request of First Eastern Bank, N.A., for relief from the stay is denied since its security interest is adequately protected.

2. The debtor's request for the use of cash collateral is denied without prejudice since the application lacks sufficient specificity.

3. The request of First Eastern Bank, N.A., for adequate protection against the use of cash collateral is denied without prejudice since the issue is currently moot.

---

estate without the introduction of evidence to support the need and value of the services performed. Upon the introduction of such evidence the claim will be allowed, within the terms of the contract, to the extent that the services were reasonable and necessary. *Acceptance Associates of America, Inc. v. Zimmerman (In Re H.P. Tool Manufacturing Corp.),* 12 B.R. 600 (Bkrtcy.E.D.Pa.1981); *ITT*

*Industrial Credit Co. v. Scarboro (In Re Scarboro),* 13 B.R. 439 (M.D.Ga.1981); *Independence National Bank v. Dye Master Realty, Inc. (In Re Dye Master Realty, Inc.),* 15 B.R. 932 (Bkrtcy.W.D.N.C.1981).