In re John T. GRANT and Margaret B. Grant t/d/b/a John T. Grant Construction Company a/k/a J.T. Grant Construction Co., Debtors.

The COMMONWEALTH NATIONAL BANK, Plaintiff,

v.

John T. GRANT and Margaret B. Grant, and John W. Thompson, Jr., Esquire, Trustee, Defendants.

Bankruptcy No. 1–82–00339.
Adv. No. 1–82–0754.

United States Bankruptcy Court, M.D. Pennsylvania.

May 6, 1983.

John W. Thompson, Jr., York, Pa., Trustee.

Dianne G. Radcliff, Dillsburg, Pa., for defendants.

Jeannine Turgeon, Harrisburg, Pa., for plaintiff.

MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

DENYING RELIEF FROM STAY

The plaintiff seeks a modification of the automatic stay alleging a lack of adequate

protection. The plaintiff alleges that no payments are being made on the mortgage indebtedness owed by the debtors and that, coupled with the contamination of the property's water supply, has caused further diminution in the value of the debtors' real property. On January 4, 1983, we held a trial on the issue of adequate protection.

## FINDINGS OF FACT

1. The fair market value of the real property was $90,000 in July of 1982, when it was appraised by William J. Daylor, the plaintiff's real estate appraiser.

2. The mortgage indebtedness was originally issued to debtor in the amount of $55,000 at 10½% interest on a 25 year term.

3. The debtors currently owe, as of the time of trial, a total indebtedness of $60,976.05 which is comprised of the following: $54,566.59 in principle; $4,773.78 in interest past due; $186.93 in late charges; $1,388.75 in attorney fees; $60.00 in court costs.

4. Monthly interest is accruing in the amount of $461.40 based on a 30 day month.

5. Some type of water contaminate is polluting the water supply of the debtors' real property in question.

6. The estimated cost to cure the water contamination is approximately $1,750.

7. The plaintiff's real estate appraiser values the real property at $88,000 as the fair market value less the cost to correct the water problem.

8. The real property is comprised of two units: one rented to the debtors for $330 per month and the second rented for $250 per month.

9. The other tenants in the second unit are delinquent and the trustee has begun ejectment proceedings in state court.

10. Although the plaintiff could have received the rental income, it declined to do so for policy reasons of its own; and instead, the trustee has been collecting the rent.

11. The trustee is actively pursuing a sale of the real estate and it has been listed for sale with a real estate broker.

## DISCUSSION

■ Modification of the automatic stay is relief which can be afforded in order to provide a secured creditor with adequate protection. Subsection 362(d)(1) provides in pertinent part as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including lack of adequate protection of an interest in property of such party in interest. . . .

11 U.S.C. § 362(d)(1). Three nonexclusive examples of adequate protection are provided by the Bankruptcy Code. See 11 U.S.C. § 361. The essence of adequate protection is to give the secured creditor the indubitable equivalent of its interest in the debtors' property. See 11 U.S.C.A. § 361(3) (Legislative History). Bankruptcy case law has established that if the debtor's equity in the property exceeds the interest of the secured creditor then that interest is adequately protected by the debtors' so-called "equity cushion," because sufficient collateral exists to satisfy that secured claim. See Lincoln Bank v. High Sky, Inc. (In re High Sky, Inc.) 15 B.R. 332, 335 (Bkrtcy.M.D.Pa.1981); Commercial Trading Co., Inc. (In re Penn York Manufacturing), 14 B.R. 51, 53 (Bkrtcy.M.D.Pa.1981).

■ In this case, the debtors' equity far exceeds the plaintiff's secured claim in the amount of $60,976.05 even though interest is accruing daily. We find that the fair market value of the property is $88,000 which leaves in excess of $28,000 as the debtors' equity. We conclude that the debtors' equity assures the plaintiff of the indubitable equivalent of its interest in the debtors' property, and thus the plaintiff is adequately protected. See City National Bank v. San Clemente Estates (In re San Clemente Estates), 5 B.R. 605 (Bkrtcy.S.D. Cal.1980).

Moreover, the plaintiff should not be heard to complain that it has received no

rents, nor that the rents it could have received would have been inadequate. The plaintiff declined to receive rents which were instead collected by the trustee. Rental payments from both units total $600 per month if collectible. The total rental values due per month are more than adequate to cover the principle and interest payments owing to the plaintiff. *See* 11 U.S.C. § 361(1).

Although the other tenants failed to make rental payments and are now the subjects of an ejectment action, the debtors are making rental payments in the amount of $350 per month to the trustee. The $350 per month is insufficient to cover the interest in the amount of $461.40 accruing monthly, but the debtor's equity more than adequately covers the unpaid balance of the accruing interest which is slowly eroding the collateral. We think that the plaintiff should accept any future tender of rents to be applied against the interest accruing on the debtors outstanding indebtedness to prevent any further erosion of the collateral. Pending the trustee's sale of the debtor's real property, we conclude that the debtors' equity and the monthly rental payments provide the plaintiff with adequate protection. An appropriate order will follow. This memorandum constitutes the findings of fact and the conclusions of law required by Bankruptcy Rule 752.