In re Marjorie W. JOHNSTON, Debtor.

Donald WALKER and Dolores Walker, Plaintiffs,

v.

Marjorie W. JOHNSTON, Defendant.

Bankruptcy No. 83-2.

United States Bankruptcy Court, D. Vermont.

Nov. 30, 1983.

James B. Anderson, Barre, Vt., for Donald and Dolores Walker.

Marjorie W. Johnston, debtor, pro se.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

On January 4, 1983, the debtor filed a petition for relief under chapter 13 of the Bankruptcy Code (Code). On November 14, 1983, the plaintiffs filed the instant motion for relief from the automatic stay of Code section 362(a), or in the alternative, for adequate protection of their interest in property possessed by the debtor. A hearing, after notice, was held on November 22, 1983. From the records in the case and the testimony adduced at the hearing, the following facts have been established.

### FACTS

On September 20, 1982, the plaintiffs sold a piece of improved real property situated in Hoosick, New York, to the debtor, under an installment sales contract obligating the debtor *inter alia*, to: (1) pay monthly installments to the plaintiffs in the amount of $562; (2) pay all taxes assessed against the property during the period of the debtor's possession; (3) insure the subject premises against fire peril "in a sum always equal to the unpaid balance" under the installment contract, and (4) keep the subject premises "in a reasonably good state of repair and maintenance."

The debtor operates the premises as a bar, grill and hotel.

As of the date of the hearing, the debtor was delinquent with respect to the November 1983 installment of $562. The November installment delinquency did not constitute a default under the terms of the contract. However, although current with respect to monthly installments, except as to November 1983, the debtor had, since the inception of the contract, paid one or more installments late, with the result that, under the contract, certain penalty assessments and interest thereon had become due and payable, which penalties and interest charges the debtor had not paid as of the date of the hearing. The nonpayment of these penalty and interest charges constituted a default under the installment contract.

As of the day of the hearing, the debtor was $4,000 in arrears with respect to the payment of taxes, of which amount plaintiffs had paid $1,600, adding that amount to the contract debt as provided for in the sales agreement; tax arrearages of $2,400 remained delinquent as to the town. The tax delinquency constituted a default under the terms of the installment contract.

Prior to the hearing, the debtor's insurance carrier discontinued policy coverage as to all insureds in the State of Vermont. The plaintiffs promptly reinsured the property with another carrier, adding the premium amount of $1,300 to the contract debt as provided for in the sales agreement. The debtor did not reimburse the plaintiffs as to the premium amount within sixty days, and such failure to reimburse constituted a default under the terms of the installment contract.

The roof of the property is old and leaks. Slight water damage has occurred to some ceilings and interior walls. Since entering in possession of the premises, the debtor has not repaired the roof, which leaked prior to the time the debtor took possession.

As of the hearing, the outstanding balance on the purchase price under the installment contract was $39,670. The fair market value of the property on November 2, 1983, was $51,000.

### DISCUSSION

Under the terms of the installment contract, the debtor is in default with respect to (1) penalty and interest charges in respect to monthly installments paid late, (2)

tax arrearages, and (3) insurance premiums. The issue for determination is whether these defaults, under the circumstances of this case, are adequate grounds for relief from the stay of Code section 362(a), or for an order modifying the stay. The court has determined that relief from stay should not be granted under the present circumstances of this case, and that currently the plaintiffs' interest in the subject property is adequately protected so that a modification of the stay is unwarranted.

## RELIEF FROM STAY

Code section 362(d) provides that "... the court shall grant relief from the stay ... for cause, including the lack of adequate protection of an interest in property." There is no precise definition in the Code for the term "adequate protection" but the legislative intent inherent in the term is that the holder of an interest in property affected by the automatic stay be provided with the "indubitable equivalent" of his interest in the property. Code § 361(3).

■ It is well settled that an "equity cushion" or "value cushion" in and of itself may provide adequate protection for a secured creditor. *In re San Clemente Estates,* 5 B.R. 605, 610, 2 CBC 2d 1003, 6 BCD 838 (Bkrtcy.S.D.California 1980); *In re Tucker,* 5 B.R. 180, 182, 2 CBC 2d 535 (Bkrtcy.S.D.N.Y.1980); *In re Llewellyn,* 27 B.R. 481, 482 (Bkrtcy.M.D.Pa.1983); *In re McCall,* 25 B.R. 199, 202 (Bkrtcy.E.D.Pa. 1982); *In re Gaslight Village, Inc.,* 8 B.R. 866, 871 (Bkrtcy.D.Conn.1981); *In re 5-Leaf Clover Corp.,* 6 B.R. 463, 466 (Bkrtcy. S.D.W.Va.1980). The adequacy of the cushion should be evaluated on a case-by-case basis. *Matter of Schaller,* 27 B.R. 959, (D.C.W.D.Wis.1983); *In re Elliott Leases Cars, Inc.,* 20 B.R. 893 (Bkrtcy.D.R. I.1982); *La Jolla Mortgage Fund v. Rancho El Cajon Associates,* 18 B.R. 283, 288 (Bkrtcy.S.D.California 1982). One element which will determine the adequacy of the cushion is the chance that the cushion will rapidly dissipate. *In re Pitts,* 2 B.R. 476,

478, 1 CBC 2d 241, 5 BCD 1129 (Bkrtcy.C. D.Cal.1979). However, a secured party may be adequately protected even though accruing penalties and interest result in an increase of the secured debt. *Com. of Pa. State. Emp. Retirement Fund v. Roane,* 14 B.R. 542, 545, 5 CBC 2d 1173 (D.C.E.P. Pa.1981). The bottom line is that if the property is worth more than the debt, the creditor is adequately protected as long as it remains fully secured. *See, In re Nixon Machinery Company,* 9 B.R. 316, 318 (Bkrtcy.E.D.Tenn.1981); *see, also,* 2 Collier on Bankr.* (15th ed. 1979 rev. 1983) ¶ 362.01 at page 362–15 (secured creditor is constitutionally entitled to protection to extent of the lesser of the value of the collateral or the amount of debt; there is no absolute right to an equity cushion); *In re Rogers Dev. Corp.,* 2 B.R. 679, 685, 1 CBC 2d 499, 5 BCD 1392 (Bkrtcy.E.D.Va.1980) (erosion of equity cushion is not an unconstitutional deprivation of property).

■ As of the date of the hearing, the interest of the Walkers as secured creditors in this proceeding was protected by an equity cushion in the subject premises in the amount of $5,710 as follows:

| | | |
|---|---|---|
| fair market value of premises | | $51,000 |
| less: outstanding principal balance | $39,890 | |
| property taxes owing | 4,000 | |
| insurance premiums owing | 1,300 | |
| late payment charges (estimated) | 100 | |
| | | 45,290 |
| equity cushion | | 5,710 |

Although the equity cushion of $5,710 is only 11% of the value of the collateral, the court notes that the premises are insured, and there is no immediate prospect that the value of the collateral will rapidly dissipate. Moreover, the debtor, not in default as to any monthly installment payment, testified that there is no immediate prospect that the contract debt will rapidly increase, as the debtor intends to remain current in monthly installments and to eliminate the insurance and tax arrearages by full payment thereof, from revenues derived from business operations, before or during the spring of 1984. Thus, at the present time,

for the reason that the plaintiffs' interest in the subject property is adequately protected, relief from the automatic stay would be premature.

## ADEQUATE PROTECTION

 Because the plaintiffs' interest in the premises is adequately protected, the court concludes that a modification of the automatic stay is presently unwarranted. The debtor owes the plaintiffs roughly $45,290; the plaintiffs are secured creditors as to collateral worth $51,000. This situation gives the creditors, presently, no cause to complain. The court notes that the Supreme Court has said that there is no unconstitutional deprivation of property by the erosion of the equity cushion. "Safeguards were provided to protect the rights of secured creditors throughout the proceedings, to the extent of the value of the property ... There is no constitutional claim of the creditor to more than that." *Wright v. Union Central Life Ins. Co.*, 311 U.S. 273, 278, 61 S.Ct. 196, 199, 85 L.Ed. 184 (1940). In a constitutional sense the right of the secured creditor entitled to protection is no more than the lesser of the value of the collateral or the amount of the debt. *Collier on Bankruptcy* (15th ed.) ¶ 362.01 at 362–14.

Should the debtor fail to make whole the defaults under the contract before or during the spring of 1984, however, relief from, or a modification of, the automatic stay might then be appropriate in accordance with the then prevailing circumstances.

As a final matter, the court does not view the failure to repair the roof as a default under the instant contract, for the purposes of construing the debtor's testimony to the effect that the debtor would make whole the existing defaults under the contract before or during the spring of 1984. The relationship between a vendor and a vendee in possession under a contract to purchase land is not, as a general rule, that of landlord and tenant, but it is analogous thereto. 77 Am.Jur.2d § 321 p. 484. It has been ruled that covenants "to keep in repair" and "to keep in as good repair as they now are" amount to the same thing in law, and that the former therefore imposes merely the obligation to keep the premises in as good repair as they were in when the agreement was made. 49 Am.Jur.2d § 833 p. 801. Thus, the debtor's contractual duty to keep the subject premises "in a reasonably good state of repair and maintenance" refers to repairs of conditions arising after the debtor went into possession. The roof leaked before the debtor went into possession; therefore, the repair of the leakage does not fall within the "repair and maintenance" clause of the instant contract.

## ORDER

In accordance with the foregoing,

IT IS ORDERED, that the plaintiffs' motion for relief from the automatic stay be, and hereby is, DENIED, and that the plaintiffs' motion for adequate protection be, and hereby is, DISMISSED.