**In re Ronald BAKER, Debtor.**

**Bankruptcy No. 83–04237G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

May 10, 1985.

Marc H. Pachtman, Holmes, Pa., for debtor, Ronald Baker.

Mary F. Walrath, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for John and Lottie Tomchick.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The proposition before us, arising out of an objection to a proof of claim, is the extent we should allow a mortgagee's claim for interest, costs and attorneys' fees on a mortgage which is in arrears under 11 U.S.C. § 506(b) of the Bankruptcy Code ("the Code"). We conclude that the facts are insufficient for such a determination and we will reschedule the matter for additional evidence.

Our findings in this case, which are based on stipulations of fact filed by the parties, are as follows: [1] In 1976 the debtor granted a mortgage on a parcel of his realty to John and Lottie Tomchick ("the Tomchicks"). The mortgage provided for repayment of the principal debts, plus 8%

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

interest, in amounts of $509.59 per month, and mandated in the event of default the payment of costs and the exaction of attorneys' fees in the amount of 10% of the principal indebtedness. The debtor defaulted on the mortgage in 1983 by missing five monthly installments on the mortgage. Later that year, the debtor filed a petition for the repayment of his debts under chapter 13 of the Code. The Tomchicks timely filed a secured proof of claim in the amount of $21,653.05 which is comprised of the following components which we quote from a stipulation drawn by the parties:

| | |
|---|---|
| Principal Balance | $14,416.26 |
| Regular Monthly Payments in Arrearage (5 at $509.59 a piece) | 2,547.95 |
| Interest and Costs Relating to Missed Monthly Payments | 2,863.48 |
| Attorneys' fees | 1,727.97 |
| Costs | 97.39 |
| Total | $21,653.05 |

The $1,727.97 portion of the claim for attorneys' fees is 10% of the sum of the $14,416.26 and $2,547.95 figures listed above. The debtor filed an objection to the proof of claim.

Section 506(b) of the Code is the springboard of our discussion. That section states that, in a proof of claim, a secured creditor may legitimately request, not only the principal indebtedness, but also "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose" to the extent that the claim is secured by property, the value of which is greater than the principal indebtedness and certain other charges not relevant here. 11 U.S.C. § 506(b).

■ Section 506 meshes with 11 U.S.C. § 502(a) of the Code which states that a proof of claim is deemed allowed unless a party in interest objects. After the filing of an objection, Bankruptcy Rule 3001(f) states that a duly executed and filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Under this rule a claim has a presumption of validity until a party objecting to the claim has introduced evidence sufficient to rebut the claimant's prima facie case. *In Re Mobile Steel Co.,* 563 F.2d 692, 701 (5th Cir.1977); *In Re Breezewood Acres, Inc.,* 28 B.R. 32, 34 (Bkrtcy.M.D.Pa.1982). This rule has no effect when the creditor submitting the proof of claim has failed to meet or establish any necessary conditions precedent to the granting of the claim in the face of an objection.

■ The debtor has objected to the proof of claim on two bases, the first of which is that the allowance under a mortgage of a sum for attorney's fees under a mortgage calculated solely on the basis of a fixed percentage of principal indebtedness, is contrary to the precepts underpinning the Code. The Tomchicks assert that "there is a presumption that charges (such as interest and attorney's fees) which are contained in a contract . . . are fair and reasonable" under § 506(b), and in support of this proposition they cite a decision by us. The case, *In Re Evans,* 20 B.R. 175 (Bkrtcy.E.D.Pa.1982), held that the contract rate of interest was presumptively correct for purposes of incorporation in a chapter 13 plan under 11 U.S.C. § 1325(a)(5)(B) of the Code. That case did not extend the principle to the allowance of attorneys' fees and clear authority holds otherwise. As stated in another case which discussed § 506(b):

[The secured creditor] asserts that this indebtedness should be augmented by a 10% attorney collection fee as provided in the loan contract. Although the contract clause may be completely binding under state law, such a clause does not create an allowable claim against a bankruptcy estate without the introduction of evidence to support the need and value of the services performed. Upon the introduction of such evidence the claim will be allowed, within the terms of the contract, to the extent that the services were reasonable and necessary. *Acceptance Associates of America, Inc. v. Zimmerman (In Re H.P. Tool Manufacturing Corp.),* 12 B.R. 600 (Bkrtcy E.D.Pa.1981); *ITT Industrial Credit Co. v. Scarboro (In Re Scarboro),* 13 B.R. 439 (D.C.M.D. Ga.1981); *Independence National Bank*

v. *Dye Master Realty, Inc. (In Re Dye Master Realty, Inc.)*, 15 B.R. 932 (Bkrtcy.W.D.N.C.1981).

*First Eastern Bank, N.A. v. Llewellyn (In Re Llewellyn)*, 27 B.R. 481, 482–83 n. 1 (Bkrtcy.M.D.Pa.1983). In the case at bench no evidence was introduced on the need or value of the legal services rendered. Without such evidence the claim for attorneys' fees is unsupported.

■ The debtor's second objection to the proof of claim focuses on the $2,863.48 component for "interest and costs related to missed monthly payments." The debtor contends that this charge is excessive. Although the debtor has introduced no specific evidence highlighting the excessiveness of the interest, certain ambiguities in the facts lend support to the debtor's challenge to the proof of claim. For instance, we also cannot ascertain whether the interest component in the $2,547.95 figure is being counted again in the $2,863.48 figure denominated "interests and costs related to missed monthly payments." It is also unclear whether the portion of the $2,547.95 component which represents principal indebtedness is being counted twice or whether the $14,416.26 figure for "principal indebtedness" has been reduced to reflect its exclusion. Furthermore, attorneys' fees under the mortgage are limited by 10% of the principal indebtedness, the amount of which indebtedness is not now apparent to us. Thus, the figure for the cap on attorneys' fees has now been rendered uncertain. Lastly, we are unsure of what is included in the category of "interest and costs relating to missed monthly payments."

Although we could strictly apply the burden of proof and "let the chips fall as they may," we shall follow a course more judicious in light of the facts of the case and reschedule the matter for a hearing. Evidence should be presented on the principal indebtedness, the interest which has accrued on that sum at the rate of 8% as provided by the mortgage, the costs and the reasonable and necessary costs of attorneys' services. We will accordingly enter an appropriate order.