In re William C. WHITT and Ruth H. Whitt, Debtors.

George W. LEDFORD Chapter 13 Trustee, Plaintiff,

v.

THORP CREDIT, INC. OF OHIO, Defendant.

Bankruptcy No. 3–84–01882.
Adv. No. 3–85–0002.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 24, 1986.

Donald F. Harker, III, Dayton, Ohio, for ITT Financial Services, fka Thorp.

George W. Ledford, Englewood, Ohio, trustee/plaintiff.

## DECISION AND ORDER ALLOWING DEFENDANT'S CLAIM AS SECURED IN PART AND UNSECURED IN PART

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the complaint of the Chapter 13 Trustee to determine the extent and value of a secured interest claimed by Thorp Credit, Inc. of Ohio ["Thorp"] in the household goods of William G. Whitt, a Chapter 13 debtor.

### FACTS

The sole witness for the trustee at trial was Ruth H. Whitt, the spouse and codebtor of William G. Whitt. Mrs. Whitt testified on direct examination that she and Mr. Whitt were married at the time they filed their petition in bankruptcy; that they owned various household goods and furnishings when they were married; acquired additional furniture between the time of their marriage and obtaining a loan from Thorp; and that she claimed a one-half interest in the living room furniture.

Mrs. Whitt in her subsequent testimony placed valuations on various household goods as follows:

| | |
|---|---:|
| Couch | $ 600 |
| Stereo | 400 |
| Television | 500 |
| Washer and Dryer | 400 |
| Bedroom Suites | 200 |
| Total | $2,100 |

(Mrs. Whitt explained that discrepancies between these values and those appearing on the debtors' loan application form were

due to the fact that original costs of the items were used on the loan application.)

## CONCLUSIONS OF LAW

In his memorandum of law the trustee takes the following position:

At the trial of this case on November 7, 1985, the debtor wife testified as to her interest in the household goods and furnishings, but no competent evidence was presented by the defendant as to which items of property that the debtor husband has an interest in and the value of that interest. *The testimony had to do with the wife. She is not competent to testify as to the extent of the interest her husband would claim in property which Thorp may claim is secured.* [Emphasis Supplied]

This court has previously decided in this adversary proceeding that Thorp has a perfected security interest as to William Whitt's interest in the household goods, but is unperfected with regard to the interest of Ruth Whitt. Therefore, the precise question before the court is the extent and value of William Whitt's interest in the household goods.

Initially, the trustee, as the objecting party, must introduce evidence sufficient to rebut the prima facie validity of Thorp's proof of claim.

Section 506 meshes with 11 U.S.C. § 502(a) of the Code which states that a proof of claim is deemed allowed unless a party in interest objects. After the filing of an objection, Bankruptcy Rule 3001(f) states that a duly executed and filed proof of claim constitutes 'prima facie evidence of the validity and amount of the claim.' Under this rule a claim has a presumption of validity until a party objecting to the claim has introduced evidence sufficient to rebut the claimant's prima facie case. *In re Baker*, 49 B.R. 240, 242 (Bankr.E.D.Pa.1985).

In his memorandum of law the trustee asserts that he "has submitted sufficient evidence to rebut the prima facie validity of Thorp's claim as this court has determined that Thorp does not has [sic] a secured claim on all of the debtor's property as set forth in its proof of claim." We disagree. Certainly the prima facie validity of Thorp's proof of claim as to Ruth Whitt was negated by the court's earlier determination that Thorp did not have a perfected security interest as to her interest in the property, but the result is quite the opposite regarding Mr. Whitt's interest. The court found Thorp's security interest to be valid as to William Whitt's interest. Thus, there was clearly no rebuttal of the prima facie validity of Thorp's claim in relation to William Whitt, but a finding that was in fact consonant with that validity. At the beginning of the hearing the trustee had the burden of rebutting the prima facie validity of the proof of claim *as to William Whitt.*

The trustee called Ruth Whitt, who testified that she was claiming a one-half interest in the jointly owned property of Ruth and William Whitt, and that the value of the property was $2,100.00.[1]

One possible inference from the trustee's stated position is that the court should permit Ruth Whitt's testimony to *rebut* the prima facie validity of Thorp's proof of claim as it relates to William Whitt, but should find the identical testimony to be incompetent to actually *establish* the extent and value of Mr. Whitt's interest. No legal nor logical reasoning has been provided by the trustee to support such a proposition. If Ruth Whitt's testimony is incompetent for the purpose of proving Mr. Whitt's interest in the household goods and the value of that interest, it is also incompetent for the trustee's purpose of rebutting the prima facie validity of Thorp's proof of claim. However, in the instant proceeding we find Ruth Whitt's testimony to be competent for both parties' purposes.

---

**1.** It was fortuitous for the trustee that both Thorp's counsel and the Court elected to question Ruth Whitt. At the end of her direct examination, it was established that she was claiming a one-half interest. But nothing was introduced regarding the value of the property.

208

In their bankruptcy schedules, the debtors listed themselves as co-owners of household goods. Without more, it is presumed that each owned an undivided one-half interest in the property. Here, that presumption was buttressed by Ruth Whitt's testimony that she claimed a one-half interest in the property. No testimony was elicited at trial to demonstrate that either party separately owned any of the items. Of necessity Ruth Whitt's valuations involved the interest of her husband, because she was valuing the property as a whole. As a co-owner of personal property she is competent to testify to the value of the entire interest. Based on her testimony that the household goods were worth $2,100.00, we find the interest of William Whitt to be $1,050.00.

The trustee also raises the following issue in his memorandum:

This court can take judicial notice of its own records. There has been a proof of claim filed by Household Finance for $1842.29 secured by 'all household and consumer goods.' The lien was perfected April 7, 1982 as to both husband and wife as evidenced by the proof of claim. The lien of Thorp was not perfected until March 9, 1984, and only then to William G. Whitt.

It should be noted that this is the first time the trustee has brought this matter to the attention of the court, despite an opportunity to do so at trial. However, an examination of the debtors' bankruptcy estate file reveals that judicial notice of that file does not provide the evidence necessary to resolve the question of priority of liens. Household Finance filed two proofs of claim, claiming a security interest not only in the household goods of the debtors, but also a first lien on the automobile of William Whitt, which he valued at $1,400.00. The trustee offered no evidence as to the fair market value of the car nor was there evidence as to whether additional household goods were purchased by the debtors between the time of Household Finance's loan (November 3, 1982) and Thorp's loan (March 6, 1984), which might be subject to

Thorp's security interest, but not to Household Finance's. Because of this lack of evidence, Thorp's claim must be treated as secured as to William G. Whitt.

Under Ohio law, Ruth Whitt and William Whitt are jointly and severally liable on the note they executed in favor of Thorp with the result that the assets of either or both are subject to satisfying the obligation to Thorp. Therefore, the entire interest of William Whitt in the household goods secures the claim of Thorp.

For the foregoing reasons it is ORDERED, ADJUDGED AND DECREED that Thorp's claim against William G. Whitt is ALLOWED as secured in the amount of $1,050.00 plus interest, and that the balance of Thorp's claim against Ruth and William Whitt is ALLOWED as an unsecured claim in the amount of $3.10.

