**In re Robert Charles HART, Jr., Debtor.**

**Bankruptcy No. 1–86–01594.**

United States Bankruptcy Court, E.D. Tennessee.

Nov. 6, 1987.

**108**

Thomas E. Ray of Ray & North, P.C., Chattanooga, Tenn., for debtor.

Mack W. O'Rear, Chattanooga, Tenn., for Finance America.

RALPH H. KELLEY, Chief Judge.

### MEMORANDUM

This is a dispute between the chapter 13 debtor and Finance America over a $150 attorney's fee that Finance America added to its secured claim for representation in the debtor's chapter 13 case. The court finds the facts as follows:

Finance America filed a proof of claim for $12,822.84 plus a $150 attorney's fee.

The claim is secured only by a second deed of trust on the debtor's principal residence. The promissory note provides:

If I do not pay the full amount of any principal or interest when due, or fail to keep any other promises I make in this Note or in my Mortgage or Deed of Trust you may, at your option, make the entire loan, including accrued interest, due and payable at once subject to any right to cure default I may have ...

... I also agree to pay you back for all costs and expenses you have to pay in order to collect your money from me *if I do not keep my promises.* These expenses may include, for example, reasonable attorneys fees. (Emphasis added)

The deed of trust provides:

If the Note is placed in the hands of any attorney for collection, by suit or otherwise, or to enforce its collection by foreclosure or to protect the security for its payment, the Grantor will pay all costs of collection and litigation, together with an attorney's fee as provided in the Note, *or if none is so provided* a reasonable attorney's fee, and the same shall be a lien on the premises herein conveyed and enforced by a sale of the property as herein provided. (Emphasis added).

The deed of trust also contains an earlier provision quoted below:

NOW, THEREFORE, the Grantor agrees and bonds himself that so long as any part of the Obligation shall remain unpaid, he will pay all taxes and assessments against said property promptly when due, and deposit all tax receipts with the Beneficiary; will insure the buildings on said property for not less than the lesser of (1) the insurable value thereof or (2) the total indebtedness secured by mortgages, deeds of trust or other security instruments encumbering the aforedescribed real estate against loss or damage ...; will protect the improvements on said property by proper repairs, and maintain them in good repair and condition; will not do anything or suffer or permit anything to be done whereby the lein [sic] of this Deed of Trust might or could be impaired; will

pay such expenses and fees as may be necessary in the protection of the property and the maintenance and execution of this trust, including but not limited to, expenses incurred by the Trustee in any legal proceeding to which he is made or becomes a party....

The debtor's chapter 13 plan provided that he would make the regular monthly payments directly to Finance America but would not pay any attorney's fee because the payments were current. The exact words of the plan were as follows:

| Creditor | Value | Per Month |
|---|---|---|
| Finance America | Maintenance Payment | Outside—No attorneys fee—current |

When the debtor filed his chapter 13 petition, he was not in default in payments.

Finance America's attorney filed a proof of claim and attended the meeting of creditors.

The parties agree that the collateral is worth more than the total of the debts it secures.

The meeting of creditors in this case was set first on the 8:30 a.m. docket on September 4, 1986. The tape recording of the meetings on September 4, 1986 reveal that the meeting in this case was not held first on the 8:30 a.m. docket but was held shortly afterward. Furthermore, the 8:00 a.m. docket did not run substantially past 8:30 a.m.

### Discussion

■ Finance America's claim is oversecured. Bankruptcy Code Sec. 506(b) provides that an oversecured creditor can add a reasonable attorney's fee to its secured claim, if the agreement with the debtor allows it. The bankruptcy court determines the reasonableness of the fee according to the standards of bankruptcy law and practice. The parties' agreement and state law serve only to set an upper limit on the amount that is a reasonable fee. 11 U.S.C. Sec. 506(b); *Matter of 268 Ltd.*, 789 F.2d 674, 14 Coll.Bankr.Cas.2d 904 (9th Cir. 1986); *In re Nicfur–Cruz Realty Corp.*, 50 B.R. 162 (Bankr.S.D.N.Y.1985) *In re Baker*, 49 B.R. 240 (Bankr.E.D.Pa.1985).

■ Finance America's claim is entitled to the special protection that chapter 13 gives to a claim secured only by the debtor's principal residence. Under Sec. 1322(b), a chapter 13 plan can provide for curing defaults on such a claim but cannot otherwise modify the creditor's rights. 11 U.S.C. Sec. 1322(b)(2) & (b)(5). The debtor does not rely on confirmation of the plan as depriving Finance America of the right to an attorney's fee. The debtor relies on Sec. 506(b). Section 506(b) limits Finance America to a reasonable attorney's fee despite the protection given to the claim by Sec. 1322(b)(2). Section 1322(b)(2) prevents the chapter 13 plan from modifying Finance America's rights, but does not prevent modification by another bankruptcy statute, such as Sec. 362's automatic stay of collection or foreclosure and Sec. 506(b)'s limitation of attorney's fees to a reasonable amount. The policy behind Sec. 1322(b)(2) was to protect the home mortgage market, especially by preserving the right to the full contract payments. *In re Glenn*, 760 F.2d 1428, 12 Bankr.Ct.Dec. 1385, 12 Coll.Bankr.Cas.2d 1303 (6th Cir. 1985); *In re Simpkins*, 16 B.R. 956, 6 Coll.Bankr.Cas.2d 1081 (Bankr.E.D.Tenn. 1982). Applying the reasonableness limitation of Sec. 506(b) to a mortgagee's claim for attorney's fees does not run afoul of this policy. *In re Barrett*, No. 1–83–01664 (decided June 11, 1984, Bankr.E.D.Tenn.) (attached).

■ The note allows the addition of an attorney's fee if the debtor breaks any of his promises under either the note or the deed of trust.

By filing a chapter 13 case, the debtor may have broken his promise in the deed of trust not to do anything which might or could impair the lien of the deed of trust. However, the basic purpose of Sec. 1322(b)(2) is to prevent a chapter 13 plan from impairing the lien of a home mortgage. Furthermore, a modification of the mortgagee's rights does not necessarily impair the lien. The automatic stay of foreclosure does not necessarily impair a lien. *Shepherd v. Kennedy*, 11 Tenn.App. 373 (1930). In this case the automatic stay clearly did not impair the lien; since the debtor had not defaulted, Finance America

did not have the right to collect the entire debt or to foreclose.

Hypothetically, the debtor's right to cure a default while foreclosure is stayed and the chapter 13 trustee's power to avoid liens make any chapter 13 case a proceeding which "might" or "could" impair the lien of a home mortgage. But pure speculation as to what might or could happen in a chapter 13 case should not be the basis for decision. The decision should rest on the facts at the beginning of the particular case, including the debtor's intent as revealed by the chapter 13 plan or otherwise and events that are almost certain to occur during the case. Based on these facts, will the chapter 13 case lead naturally to the impairment of the lien? There was nothing about this case to suggest that it would impair the lien and it hasn't. The debtor's filing of the chapter 13 case did not break his promise not to do anything which might or could impair Finance America's lien. Since the debtor did not break any of his other promises under either the note or the deed of trust, the note does not allow the recovery of an attorney's fee.

Furthermore, the note makes the debtor liable only for expenses that Finance America has to incur to collect its money. In a later discussion of the deed of trust, the court will explain why the attorney's fee was not a necessary expense, which means it was not an expense Finance America had to incur and can not be collected under the note.

The deed of trust contains a provision that allows the addition of an attorney's fee if the note is turned over to an attorney for collection or to protect the security. This provision could entitle Finance America to add an attorney's fee, *if it applied.* It deals with collecting the note and protecting the security of the note and allows an attorney's fee "as provided in the Note, or if none is so provided, a reasonable attorney's fee". A logical interpretation of this language is that the note determines whether an attorney's fee can be added, unless it completely fails to provide for recovery of an attorney's fee, and in that case, this provision of the deed of trust applies. In other words, this is a safeguard provision that will apply if the note

used for the transaction completely fails to provide for an attorney's fee. Since the note in this case does provide for the recovery of an attorney's fee, this provision of the deed of trust does not apply.

Finally, the deed of trust allows the recovery of fees and expenses that are necessary for the protection of the property or the maintenance and execution of the trust. The court interprets this provision to include fees and expenses incurred by either Finance America or the trustee under the deed of trust. It doesn't really make a difference in this case since the attorney for Finance America is the trustee under the deed of trust. The court interprets this provision to allow recovery of fees and expenses from the debtor only if the debtor is at fault. It is not enough that the fees and expenses are necessary; the debtor must have done something or failed to do something that made it necessary for Finance America to hire the attorney. The question is whether the filing of the chapter 13 case made it necessary for Finance America to incur the attorney's fee in question.

Contrary to the argument of Finance America's attorney, a corporation is not required to have an attorney to file a proof of claim. Furthermore, secured creditors regularly file correct and timely proofs of claims in chapter 13 cases without hiring attorneys. Indeed, the law is intended not to impose on a creditor the cost of hiring an attorney just to take the elementary step of filing a proof of claim. A corporation can also be represented at the meeting of creditors by an employee who is not an attorney admitted to practice before the bankruptcy court.

In some circumstances it may be wise or at least reasonable to hire an attorney to file a proof of claim and attend the meeting of creditors, but this does not mean it is necessary. In this case the debtor had not defaulted in payments, and he proposed to continue the regular payments directly to Finance America. The debtor's filing of the chapter 13 case may have caused Finance America some concern about whether the debtor would be able to continue the regular payments, but this is the kind of practical, factual concern that does not nec-

essarily require the services of an attorney. The court concludes that it was not necessary for Finance America to hire an attorney for the services rendered. Finance America is not entitled to add an attorney's fee to its claim under this provision of the deed of trust.

Since the other provisions of the note and deed of trust do not entitle Finance America to an attorney's fee, Finance America is not entitled to an attorney's fee at all. The claim for an attorney's fee must be denied.

■ The court could stop at this point, but there is an independent ground for denying the fee in this case. Section 506(b) limits a secured creditor to a reasonable fee. Finance America has failed to prove the reasonableness of the fee in question.

The arguments by both parties have recognized that it may be unfair to decide reasonableness entirely by hindsight, without regard to the vagaries of law and fact that face a secured creditor at the beginning of a chapter 13 case. The debtor argues, however, that the facts of this case were so clear that it would be unreasonable to make the debtor pay the requested attorney's fee. There are decided cases that support this view. *In re Miracle Enterprises, Inc.*, 57 B.R. 133 (Bankr.D.R.I. 1986); *In re Central Foundry Co.*, 45 B.R. 395 (Bankr.N.D.Ala.1984); *In re Banks*, 31 B.R. 173 (Bankr.N.D.Ala.1982).

Finance America's attorney argues that it was reasonable for Finance America to hire an attorney in the circumstances. He attempts to justify the amount of the fee by complaining about delays caused by the clerk's method of setting chapter 13 cases. Other complaints about the clerk's office are irrelevant to this case as far as the court can tell. Finance America's attorney fails to recognize that it may have been entirely unreasonable for him to even attend the meeting of creditors. Furthermore, the record of the meeting of creditors in this case reveals that there was not a long wait past the time set for the meeting. The meeting itself took very little time. Finance America's attorney did not ask any questions. Finance America was not in the same position as a creditor secured by a car or other personal property.

Those creditors usually have to deal with the cram-down under Sec. 1325(a)(5). 11 U.S.C. Sec. 1325(a)(5). Such creditors often need an attorney at the meeting of creditors. Finance America's attorney had little, if anything, to do that required an attorney. The debtor was not in default, and Sec. 1322(b)(2) required the debtor to continue making the full monthly payments. It was probably convenient for Finance America to hire an attorney, but convenience for the secured creditor doesn't mean the attorney's fee is reasonable.

This court has not been strict in requiring creditors' attorneys to prove their fees in routine situations such as this because the question seldom arises, but the same rules that apply to a large claim for attorney's fees under Sec. 506(b) could be applied to a small claim. *In re Miracle Enterprises, Inc.*, 57 B.R. 133, (Bankr.D.R.I. 1986); *In re Central Foundry Co.*, 45 B.R. 395 (Bankr.N.D.Ala.1984); *In re Banks*, 31 B.R. 173 (Bankr.N.D.Ala.1982). In this case, Finance America has not proved that it was reasonable for its attorney to do any more than review and file the proof of claim, which might justify a minimal fee, but since the court has no factual guidelines for dividing the fee, the entire amount is denied for lack of proof that it is reasonable. *In re Tolan*, 41 B.R. 751 (Bankr.M.D.Tenn.1984).

The court will enter an order accordingly.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

### APPENDIX

### UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF TENNESSEE

In re DONALD EUGENE BARRETT REBECCA LYNN BARRETT Debtors

No. 1–83–01664

July 11, 1984

### ORDER

The debtors have objected to the claim of Southeast Federal Savings Bank to the ex-

tent it includes attorney's fees. Southeast Federal has a first mortgage (deed to secure debt) on the debtors' home. It commenced foreclosure under the power of sale before the debtors filed their petition under chapter 13 of the Bankruptcy Code.

Southeast Federal's attorney had sent a notice letter allowing acceleration of the debt. Though the letter was signed by a bank officer, it may have been drafted by the bank's attorney. This kind of letter is routine, and can be composed simply by changing the names of the debtors and the loan numbers in a form letter.

The attorney sent a second letter required by the Georgia statute for the addition of attorney's fees to the debt. This was another form letter. The attorney also ran newspaper advertisements, and filed claims in the debtors' chapter 13 case.

For this routine work, the attorney requested a fee of $2,792.12.

The promissory note in question provides for a reasonable attorney's fee "[i]f suit is brought to collect this Note". This does not give the attorney the right to a fee since no suit was brought to collect the note.

The deed to secure debt provides:

> Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorney's fees.

Paragraph 18 includes acceleration but it is questionable whether acceleration is a remedy. The deed also provides that the debtors can stop foreclosure only by paying all amounts due, including attorney's fees incurred in the foreclosure. This implies that attorney's fees are due under paragraph 18 even though foreclosure is not completed.

The Georgia statute, Ga.Code Ann. § 20–506, provides that a reasonable attorney's fee is 15% of the first $500 of principle and interest plus 10% of the remainder. The fee in question was apparently computed under the statute but for less than the statute allowed.

Section 1322(b)(2) of the Bankruptcy Code has been interpreted by this court and others to preserve the right to contractual attorney's fees for a creditor whose claim is "secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). Under § 1322(b)(2) the fees are collectible even if § 506(b) and § 1325(a)(5) do not require their payment as part of an allowed secured claim. Section 1322(b)(2) apparently applies to this case.

The problem is that the Georgia statute and § 1322(b)(2) appear to require payment by the chapter 13 debtor of the fee allowed by the Georgia statute, even though the amount of the fee is outrageous in light of the work done by the attorney and even though requiring its payment would be contrary to the purpose of chapter 13, which is financial rehabilitation of the debtor and not unjust enrichment of a creditor's attorney.

The court believes its prior holdings under § 1322(b)(2) must be modified to deal with cases like this. Section 1322(b)(2) preserves the right to attorney's fees up to a maximum of the amount allowed by the contract. That does not mean that the maximum must always be paid. The bankruptcy court can set a reasonable fee that is lower than the maximum allowed by the contract. General rules used in the bankruptcy court will apply to determine what is a reasonable fee. Statutes like the Georgia statute are relevant but not controlling in determining what is a reasonable fee. This interpretation of § 1322(b)(2) is consistent with the rehabilitative purpose of chapter 13 and does not conflict with the main purpose of § 1322(b)(2)—preserving certainty in the home mortgage market. The right to attorney's fees is preserved but only the right to a reasonable fee up to the maximum allowed by the contract. Certainty in the home mortgage market can be preserved without requiring a chapter 13 debtor to pay attorney's fees out of proportion to the amount of work done by the attorney.

The bankruptcy courts in Georgia have dealt with attorney's fees in essentially the same manner. *In re Masnorth Corp.*, 28 B.R. 892, 10 B.C.D. 553 (Bankr.N.D.Ga. 1983), second decision [36 B.R. 335], 11 B.C.D. 782 (Bankr.N.D.Ga.1984); *In re Scarboro*, 13 B.R. 439, 8 B.C.D. 72, 4 C.B. C.2d 1222 (Bankr. [D.C.] M.D.Ga.1981). When an attorney's fee for collection of a claim must be paid through a plan, the bankruptcy court will determine what is a reasonable fee.

Though § 506(b) of the Bankruptcy Code does not control, it implies that attorney's fees for collection of a claim through the bankruptcy court are subject to the court's control in determining what is a reasonable fee. There is even more reason for such control in rehabilitation cases under chapter 11 or chapter 13.

The requested fee is not reasonable. It is excessive. On the facts before the court it is difficult to determine what is a reasonable fee. A fee of $500 would seem to be on the high side of reasonableness.

Accordingly, it is ordered that—

The claim of Southeast Federal Savings Bank in the amount of $4,359.40, is reduced by the amount of the requested attorney's fee ($2,792.12) to $1,567.28.

The attorney for Southeast Federal Savings Bank will be allowed 15 days to file an amended claim requesting an attorney's fee in a smaller amount and with attachments showing all legal time expended and his regular hourly or fixed charge for this kind of work. If no amendment is filed, a $500 attorney fee will be added by the court.