**In re Joseph Mark GRAY, Debra Edwards Gray, Debtors.**

**Bankruptcy No. 7–92–00663–HPR–13.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

April 28, 1995.

---

**16**

Paul M. Black, Wetheringon, Melchionna, Terry, Day & Ammar, Roanoke, VA, for Empire of America Realty/Creditor.

Patrick Buchanan, Roanoke, VA, for debtors.

### MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This matter is before the Court pursuant to Application for Compensation and Reimbursement of Expenses filed on behalf of a secured creditor, Empire of America Realty ("Creditor"). The sole issue before the Court is whether the fees should be awarded under 11 U.S.C. § 506(b) where there is no equity in the property and whether the denial of such fees impermissibly modifies the rights of the creditor under Code § 1322(b)(2). This Court holds that where there is no equity in the collateral secured by

the lien, attorney's fees are not allowed under Bankruptcy Code § 506(b). In addition, such denial does not affect the rights of the creditor under § 1322(b)(2).

As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *See Williams v. USF & G,* 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son Inc.,* 169 F.2d 151, 152 (4th Cir.1948) *(citing Johnston v. Johnston,* 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel,* 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner,* 498 U.S. 279, 286, 287, 111 S.Ct. 654, 659, 659, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233, 241 (1971); *Local Loan Co. v. Hunt,* 292 U.S., at 244, 54 S.Ct., at 699; *Johnston v. Johnston,* 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper,* 26 F.2d 585, 587 (4th Cir.1928).

Pursuant to Bankruptcy Code § 506(b), the holder of an allowed secured claim may receive any reasonable fees, costs, or charges provided for under the agreement under which such claim arose, "[t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section is greater than the amount of such claim." 11 U.S.C. § 506(b). The Creditor stated in its Motion for Relief from Stay filed herein that the payoff on the note as of December 17, 1994 was $66,118.49 and that the "[d]ebtors do not have an equity in the property," *(See* Motion #5, para. 4 and 9); and the Application for fees under Rule 2016 does not allege any equity; therefore, in accordance with the specific language set forth in § 506(b), the Creditor is not entitled to attorney's fees.

The second issue is whether this impermissibly modifies the rights of the Creditor under the language of § 1322(b)(2) which states:

> (b) Subject to subsections (a) and (c) of this section the plan may—
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

The Creditor is secured by real property that is the principal residence in this case. In examining the effects of § 506(b) as it relates to § 1322(b)(2), the Court follows the reasoning of then Chief Judge Ralph H. Kelley in the case of *In re Hart*, 80 B.R. 107 (Bankr. E.D.Tenn.1987). Similar to the Creditor in this case, the creditor in *Hart* sought attorney's fees pursuant to § 506(b). The court denied the fees for the reason that the creditor did not meet the specific requirements set forth in the language of § 506(b). Although the *Hart* court was focusing on the language which limits the fees to those that are "reasonable," a similarity can be drawn between this case and the one at hand because both courts are focusing on the specific requirements set forth in the language of § 506(b). Section 506(b) not only requires that the attorney's fees be reasonable but also that there is equity in the collateral before awarding such fees.

The court in *Hart* further states that the language in § 506(b) limited the right to attorney's fees to only those fees that are reasonable "despite the protection given to the claim by § 1322(b)(2)." *Id.* at 109. Although § 1322(b)(2) states that a Plan may not modify a creditor's rights, "it does not prevent modification by another bankruptcy statute such as ... § 506(b)'s limitation of attorney's fees...." *Id.*

The policy behind § 1322(b)(2) was to protect the home-mortgage market. *Id. See also In re Shaffer*, 116 B.R. 60 (Bankr. W.D.Va.1988); *In re Bruce*, 40 B.R. 884 (Bankr.W.D.Va.1984). The *Hart* court noted that "Applying the reasonableness limitation of § 506(b) to a mortgagee's claim for attorney's fees does not run afoul of this policy."

Accordingly, the allowance of attorney's fees to the Creditor, pursuant to Bankruptcy Code § 506(b), is limited "to the extent that an allowed secured claim is secured by property the value of which is greater than the amount of such claim." Empire Realty agrees that there is no equity in the property and, as such, the denial of attorney's fees and late charges under § 506(b) "does not run afoul" of the policy grounded in § 1322(b)(2). *See In re Ireson*, 789 F.2d 1083 (4th Cir. 1986).

The Application is ORDERED denied.