**In re GENERAL INFORMATION SERVICES, INC., Debtor.**

**Bankruptcy No. 85–01732G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 7, 1986.

William J. O'Brien, II, Philadelphia, Pa., for claimant, Nicholas J. Page.

Peter F. Marvin, Philadelphia, Pa., for debtor, General Information Services, Inc.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for resolution in the case before us is whether the debtor has lodged a valid objection to a former employee's proof of claim in which the employee seeks vacation and severance pay. On the basis of the reasons outlined below we will sustain the objection in part and reduce the claim from $10,764.67 to $7,783.16.

The facts of this controversy are as follows:[1] Through its president, Bernard J. David ("David"), the debtor hired the claimant, Nicholas Page ("Page"), as its sales manager, vesting him with duties as both a salesman and a manager of the debtor's sales force. Page was hired by the debtor although David was familiar with certain undesirable aspects of Page's personality with which David came to know while the two were college roommates.

Under Page's employment contract, he was entitled to two weeks of paid vacation per year. During the year of his employment Page took three of his ten days of vacation, leaving him with seven. The employment contract also provided that:

> Your employment with the [debtor] may be terminated by the company at any time with or without cause. If the [debtor] terminates this Agreement without reasonable cause, the [debtor] shall continue to pay you the pay schedule in

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

Schedule A for a period of 3 months following such termination.

The base salary under schedule A was $1,100.00 per month plus a sliding commission on all sales made by Page. This figure was augmented by a "commission override of two percent (2%) of the gross receipts of all of the sales persons managed by [Page plus] ... a commission of five percent (5%) of the gross receipts of all of the sales originated by [Page]." Page's base salary was increased to $1,400.00 in February of 1984. In September of 1984 his base salary was increased to $2,000.00 per month plus 1% of all work "invoiced."

The salary change in September was prompted by the debtor's desire to transform its regional sales base into a national base. Profitable accounts were transferred from Page to others in the sales office while he was left with less profitable ones.

 After the debtor adopted the policy to boost national sales, overall sales plummeted. This reduction in income prompted the debtor to terminate the services of "5 or 6" of its 19 employees at the end of 1984. Shortly thereafter, the debtor dismissed Page from employment on the asserted basis that certain aspects of his personality made him incompatible with other members of the sales force, thus rendering him an ineffective manager of the sales department. Although the testimony partially supports the debtor's position, we find that the predominant basis for Page's dismissal was simply a cost-cutting measure. Thus, the termination of Page's employment was not "for cause," and Page is entitled to three months severance pay.

In his proof of claim Page asserts a debt of $10,764.67 for vacation pay, severance pay and commissions. The parties agree that Page is owed $1,139.03 in commissions. On the amount of severance pay, we conclude that Page is due three months of salary at $2,000.00 per month for a total of $6,000.00. However, Page failed to introduce adequate proof on the amount of commissions which would have augmented this sum.

The debtor contends that Page is not entitled to vacation pay on the basis of an employees' handbook, adopted after the commencement of Page's employment, which prohibits employees from carrying unused vacation days from one year to the next. We find the debtor's position unsupported by the evidence since no handbook was produced at trial and the oral evidence supporting its existence was weak. Thus, the debtor owes Page salary for seven days of vacation pay for a total of $644.13.[2]

Hence, the debtor owes Page $1,139.03 in commissions, $6,000.00 in severance pay and $644.13 in vacation pay for a total of $7,783.16. Accordingly, we will sustain in part the debtor's objection to Page's proof of claim and reduce the claim from $10,764.67 to $7,783.16 and will enter an appropriate order.

---

2. Dividing the typical 365 day year into 12 months we have an average of 30.42 days per month. Only five of every 7 days a week are typically working days, meaning that only 21.60 days per month are working days. Given a monthly salary of $2,000.00, salary accrues at a rate of $92.59 a day. Thus, the 7 vacation days are worth $644.13.