In re **GENERAL INFORMATION SERVICES, INC., Debtor.**

**Bankruptcy No. 85–01732G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 31, 1986.

William J. O'Brien, II, Philadelphia, Pa., for movant, Nicholas J. Page.

Peter F. Marvin, Miller, Marvin, Dunham, Doering, Schreiber & Sloan, Philadelphia, Pa., for debtor, General Information Service, Inc.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue for resolution is whether we should grant an employee's motion to vacate our recent order denying priority status for severance pay under 11 U.S.C. § 507(a)(3) of the Bankruptcy Code ("the Code") when his employment was terminated outside the ninety day pre-petition period but payments were scheduled to be made during the pre-petition period. For the reasons set forth below, we will deny the employee's motion to vacate.

The uncontested facts of this case are as follows: The claimant, Nicholas J. Page ("Page"), was employed by the debtor, General Information Services, Inc., ("GIS") under the terms of an employment contract which provided in pertinent part: "If the company terminates this agreement without reasonable cause, the company shall continue to pay you the pay schedule outlined in Schedule A for a period of three months following such termination." Page was terminated on January 11, 1985, and GIS filed a chapter 11 petition on May 2, 1985.

Subsequently, Page filed a claim in these proceedings seeking to have an allowed claim of $10,764.67. Following a hearing on the objection of GIS to Page's claim, this court issued an opinion and order that held that the predominant basis for Page's dismissal was simply a cost cutting measure. Thus, Page's dismissal was not "for cause" and he was entitled to three months severance pay. We then reduced Page's claim from $10,704.67 to $7,783.16, 57 B.R. 349, and stated that "distribution was subject to the limitation of § 507(a)(3)(A) and (B) of the Code."

In his amended claim, Page seeks to have two thousand dollars of his allowed claim of $7,783.16 be treated as a priority claim pursuant to § 507(a)(3)(A) and (B) of the Code which provides in pertinent part:

(a) The following expenses and claims have priority in the following order:

(3) Third, allowed unsecured claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay—

(A) earned by an individual within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) to the extent of $2,000.00 for each such individual.

Page argues that the severance pay he received during the pre-petition period constitutes monies "earned" within the meaning of § 507(a)(3)(A) and (B). We disagree. Although the employment agreement between Page and GIS provided that if Page were terminated without cause he would receive, as severance, pay for the three month period following termination; priority status under § 507(a)(3)(A) and (B) is not determined by the manner in which payments are made. Rather, as the District Court for the Eastern District of Pennsylvania held in *In re Crouthamel Potato Chip Co.,* 52 B.R. 960 (E.D.Pa.1985); *rev'd on other grounds,* 786 F.2d 141 (3d Cir. 1986):

... [T]he question for the court is not when, as a matter of accounting, the employee could obtain the funds but when, as a matter of contract, the employees right to receive those funds was fixed and could not be taken from him by the occurrence of some contingent event. *See United States v. Munro-Van Helms Co.,* 243 F.2d 10, 14 (5th Cir.1957) ("On

that day their rights became unconditional and absolute and those rights then accrued.")

*Id.* at 965. In the case at bench, under the *Crouthamel* rationale, as a matter of contract, Page's right to receive severance pay was fixed and unconditional on the date of his termination. The fact that payments, "as a matter of accounting," were to continue over a three months period following his termination is irrelevant for the purpose of determining priority status under § 507. Accordingly, since Page's right to severance pay was "fixed" more than ninety days prior to the filing of the bankruptcy petition, his claim will be allowed as an unsecured claim only.